DAVID B. FLINT and WILLIAM H. KENT *v.* THEODORE G. SCHOMBERG.

The plaintiffs, for a commission of two and a half per cent., which was paid to them by the owners of a promissory note, made payable to the maker's own order, and indorsed by him in blank, indorsed the note to enable the holders to get it dis· counted. It was discounted by a bank, and, having been protested for non-payment, it was paid by the plaintiffs to the bank, and taken up by them.

*Held,* that by paying and taking up the note, the plaintiffs became subrogated to the rights of the bank, and were not subject to equities between the maker and the parties to whom he delivered the note, and consequently that a claim of the maker against such parties was no defence to an action upon the note by the plaintiffs.

The indorsement of the note by the plaintiffs for a commission of two and a half *per cent.,* paid to them by the holders, was not a usurious transaction.

APPEAL from an order at special term denying a motion for a commission. This was an action upon a promissory note, made by the defendant, payable to his own order, indorsed by him, and held by the plaintiffs. From the answer and moving affidavit of the defendant, it appeared that the note was made by him and delivered to the firm of James Porter & Co. That James Porter & Co. procured the plaintiffs to indorse it, for the purpose of enabling them to raise money thereon, and they paid for the endorsement a commission of two and a half per cent. on the face of the note. It was then discounted at bank. When it became due it was protested for non-payment, and was taken up by the plaintiffs from bank after protest. The defendant set up a counter-claim against Porter & Co., and moved for a commission to examine witnesses abroad, to prove the facts out of which the alleged counter-claim arose. The motion was denied at special term, on the ground that the plaintiffs were entitled to be subrogated to the rights of the bank, and were therefore to be regarded as *bona fide* holders for value, and not subject to equities between the original parties. The defendant appealed.

*J. N. Balestier*, for the appellant. After careful examination, I have not been able to find any authority bearing directly upon this case. But upon principle it is apparent that the plaintiffs took the note subject to all the equities existing against Porter & Co.

*First.* The plaintiffs are not *bona fide* holders, as they took the note after it became due.

*Second.* The fact that the plaintiffs indorsed the note for *hire*, and afterwards, in consequence of such indorsement, were compelled to take it up, does not constitute them *bona fide* holders, nor entitle them to subrogation; for the note was never negotiated by or through them, and there is no privity of contract between them and the previous holders.

*Third.* The plaintiffs could not recover against Porter & Co. because their indorsement was for a usurious consideration. The usury would therefore avoid the note as between Schomberg and the plaintiffs. *Steele* v. *Whipple*, 21 Wend. 103.

*Benedict, Burr & Benedict*, for the respondents. The facts set up in the defendant's affidavit are no defence to the action.

The plaintiffs indorsed the note before maturity. It must, then, have been transferred *to* them, and they must have been the holders of the note. In what way they became the holders of it can make no difference. Their payment of it as indorsers gives them the absolute right to recover the amount of all precedent parties. Their contract, when they indorsed the note, was, that they should have this right of recourse.

But if the contrary view is taken, and the statement of the defendant's affidavit is true, that "they took the note a week after it fell due," still the plaintiffs' right to recover is undoubted. They would, in that case, be subrogated to the rights of the bank, who had discounted it, and held it when it became due. Chitty on Bills, 141, 142; *Williams* v. *Mathews*, 3 Cowen, 260; Edwards on Bills, 258; *Ketchum* v. *Barber*, 4 Hill, 234.

DALY, FIRST JUDGE.—So far as the facts can be collected

from the affidavit of the defendant, it would appear that he made the note to the order of Porter & Co.; that Porter & Co. procured the plaintiffs to indorse it for a commission of two and a half per cent., to enable them to get it discounted; that it was discounted by a bank, and that the maker and payees having failed to pay it, the plaintiffs, after it was protested, paid it to the bank, and now bring action upon it against the defendant, the maker.

Upon such a state of facts, it is, I think, very clear, that the claim which it is averred in the answer that the maker has, against the payees, is no defence to the action. The plaintiffs, having paid the note, were subrogated to the rights of the bank. The bank, when the note fell due, were holders for value. There could be no doubt but that they could recover against the maker, and that his claim against the payees would be no defence to their action, and it is equally no defence to the plaintiffs' action, they having succeeded to whatever rights the bank had, as holders, when the note fell due.

The transaction between Porter & Co., the payees and the plaintiffs, is wholly immaterial in this action. If the plaintiffs had loaned Porter & Co. the money on the note, the case of *Steele* v. *Whipple* (21 Wend. 103) might have been in point, (*Ketchum* v. *Barber*, 4 Hill, 234); but the fact that they put their name upon the note for a commission of two and a half per cent. to enable Porter & Co. to get it discounted by somebody else, which would appear to have been the transaction, was not, as between them and Porter & Co., a usurious agreement. The motion for a commission was therefore properly denied, as it appeared by the defendant's affidavit that he had no available defence against the plaintiffs' action.

Order of special term affirmed.