## N. Y. COMMON PLEAS.

### John Boyd agt. John McDonough and John Finnegan.

The right of *subrogation* is recognized by courts of law, as well as by courts of equity, and any act impairing or interfering with it, which would relieve the surety from liability in equity, will also relieve him at law.

Where an *accommodation indorser* upon a promissory note, standing in the relation of surety to the maker, and the note is held as collateral security for the payment of a judgment against the maker, and a third person, with knowledge of the circumstances, before maturity of the note, steps in and pays and satisfies the judgment, without the knowledge or consent of the indorser, he is discharged from all liability on the note.

*General Term, May,* 1870.

Daly, F. J., Loew *and* Van Brunt, *Judges.*

Appeal from the judgment of a district court.

This action was brought on a promissory note made by the defendant McDonough, and indorsed by the defendant Finnegan.

It appeared that one Samuel Shapter had recovered a judgment against McDonough, and that the note in suit was—together with a chattel mortgage—given to Shapter as collateral security for the payment of that judgment. It further appeared that Finnegan indorsed the note, without any consideration, for the accommodation of McDonough. A few days before the maturity of the note, the plaintiff, in company with the defendant McDonough, called on Shapter's attorney and with knowledge of the foregoing circumstances paid the judgment, and requested that a satisfaction piece should be executed. This was done, and the same was with the note delivered to him.

He thereupon brought this action on the note in question and judgment was rendered in his favor by the justice.

The defendant Finnegan appealed to this court.

JOHN L. LINDSAY, *for defendant appellant.*
THOMAS CUSHING, *for plaintiff respondent.*

LOEW, J.—Although the plaintiff testified upon the trial, in the court below, that he took the note in suit in the regular course of business, it is obvious to my mind that at the time he paid the judgment, and the note was transferred to him, he knew that it had been given to and was held by the attorney of the judgment creditor, as collateral security for the payment of the judgment. Mr. Johnston, the attorney, distinctly testified that he informed him of that fact, and the plaintiff failed to contradict him.

Now, in some respects, there is doubtless considerable difference between an indorser and a surety, but still where one indorses a bill or note for the accommodation of another, he is to be regarded as standing in the character of a surety. (*Pitts* agt. *Congdon,* 2 *N. Y.,* 354; *Clason* agt. *Morris,* 10 *Johns.,* 538; *Woods* agt. *Jefferson Co. Bank,* 9 *Cow.,* 206; *Hayes* agt. *Ward,* 4 *Johns. Ch.,* 126.)

In the case at bar, the defendant Finnegan, proved—as he had a right to do, (*Carpenter* agt. *King,* 9 *Met.,* 511; *La Farge* agt. *Hunter,* 11 *Barb.,* 159,) that he indorsed the note for the accommodation of the defendant McDonough. And, although, it does not clearly appear from the evidence returned to us that the plaintiff had notice of that fact, yet I am inclined to think that the facts and circumstances in this case, justify us in inferring that he had such notice, and hence, considering the indorser as being entitled to all the rights and privileges of a surety for the maker of the note. (*Hayes* agt. *Ward, supra.*) Regarding him as sustaining that relation, I have no doubt that the judgment creditor could have recovered against him upon the maturity of the note. But I apprehend that in the event of his paying the debt, he would in equity have been entitled to

be subrogated to all the rights of the judgment creditor, not only in respect to the mortgage, and any other independent collateral securities held by him, but also as regards the original judgment obtained by him against the principal debtor. (3 *Kent's Com.*, 8*th Ed.* 169; *Story's Eq. Jurisprudence*, 8*th Ed.* § 499, *and note*; *Goodyear agt. Watson*, 14 *Barb.*; 481; *Corey agt. White*, 3 *Barb*, 12; *N. Y. State Bank agt. Fletcher*, 5 *Wend.*, 85; *Matthews agt. Aiken*, 1 *N. Y.*, 595; *Hubbel agt. Carpenter*, 5 *N. Y.*, 171; *Clason agt. Morris, supra*; *Flint agt. Schomberg*, 1 *Hilt.*, 532.)

This right of subrogation is also recognized by courts of law, and any act impairing or interfering with it, which would relieve the surety from liability in equity, will also relieve him at law. (*Corey agt. White*, 3 *Barb.*, 17; *La Farge agt. Herter*, 11 *Barb.*, 159; *Storms agt. Thorne*, 3 *Barb.*, 314; *King agt. Baldwin*, 2 *Johns. Ch.* 554.)

And as the plaintiff with notice of the circumstances under which the note was given, did before maturity of the same, and without the knowledge or consent of the indorser, prejudice him by paying the judgment and procuring the same to be satisfied, the latter, it seems to me, was discharged from all liability upon the note in question. (*La Farge agt. Herter, supra*; *Wood agt. Jefferson Co. Bank*, 9 *Cow.*, 206; *Hayes agt. Ward, supra*.)

I, therefore, think that as to him the judgment should be *reversed*.

Chief Judge DALY, and Judge VAN BRUNT, concurred.