CHARLES A. HINCKLEY, Respondent, *v.* WILLIAM KREITZ et al., Appellants.

The sureties in an undertaking given on an appeal to the General Term, conditioned that the appellant will pay " all costs and damages which may be awarded against him on said appeal," are not liable for the costs of an appeal by their principal to the Court of Appeals from a judgment of affirmance of the General Term.

*Robinson* v. *Plimpton* (25 N. Y., 484); *Bennett* v. *Brown* (20 N. Y., 99); *Gardner* v. *Barney* (24 How., 467); *Smith* v. *Crouse* (24 Barb., 433); *Tibbles* v. *O'Connor* (28 Barb., 538); *Ball* v. *Gardner* (21 Wend., 270); *Traver* v. *Nichols* (7 Wend., 434), distinguished.

Where, upon the appeal to the Court of Appeals, a new undertaking is given for the judgment and costs, as between the two sets of sureties the primary liability rests upon the latter, and their release by the judgment creditor discharges the former.

*Hinckley* v. *Kreitz* (4 J. & S., 413) reversed.

(Argued October 2, 1874; decided November 10, 1874.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff entered upon a verdict. (Reported below, 4 Jones & Spencer, 413.)

This action was brought upon an undertaking executed by

the defendants, as sureties, on an appeal to the General Term of the Court of Common Pleas, from a judgment entered in an action in said court in favor of one Frederick Dennstaedt, plaintiff, against Carl Anschutz, defendant.

The undertaking was to the effect " that the said appellant will pay all costs and damages which may be awarded against him on said appeal, not exceeding $500; and do also undertake that if the said judgment so appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the said appellant will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part, and all damages and costs which shall be awarded against said appellant on the said appeal."

The judgment appealed from was affirmed by the General Term, and the defendant took a further appeal from such judgment of affirmance to the Court of Appeals, giving a new undertaking, with Johann P. Schuchman and Nicholas Müller as sureties. The Court of Appeals affirmed the judgment of the General Term, and remitted the record to the court below, where judgment upon the remittitur was duly entered. Dennstaedt assigned the judgments to one Gunther, who assigned them to one Elwood, and he to the plaintiff. The circumstances attending these assignments are sufficiently stated in the opinion.

The plaintiff in this action claimed all the damages and costs in the action, including the costs of the appeal to the Court of Appeals, and the court directed a verdict for the amount so claimed, which was rendered accordingly.

*Lewis Sanders* for the appellants. The burden of proof was on plaintiff to establish, by the best affirmative evidence, his title to the judgments sued on. (1 Greenl. on Ev. [12th ed.], §§ 82, 87.) Where there are any controverted questions of fact which the court is requested to submit to the jury, it is error to direct a verdict. (*Stillman* v. *Lewis*, 49 N. Y., 385; *Schofield* v. *Hernandez*, 47 id., 316; *Heine-*

*man* v. *Heard,* 50 id., 33; *Colt* v. *Sixth Ave. R. R. Co.,* 49 id., 671; *Cook* v. *N. Y. C. R. R. Co.,* 3 Keyes, 476; *Rich* v. *Rich,* 16 Wend., 676; *Crawford* v. *Wilson,* 4 Barb., 518; *Sackett* v. *Spencer,* 29 id., 187; *B. City B.* v. *Em. S. D. Co.,* 30 id., 425; S. C., 19 How., 529; 6 Duer, 315; *Butler* v. *Murray,* 30 N. Y., 88; *Hickman* v. *Jones,* 9 Wall., 201; *Barney* v. *Schmeider,* id., 251; *Schuchardt* v. *Allen,* 1 id., 371; *U. S.* v. *Lamb,* 4 Cranch, 703; 12 Pet., 1; *Beale* v. *Burchell,* 5 Cranch, 310.) The release of the sureties on the undertaking on the appeal to the Court of Appeals discharged the sureties on the undertaking on appeal to the General Term. (*Bk. of Albion* v. *Burns,* 46 N. Y., 175; *Miller* v. *Dyer,* 1 Duvall [Ky.], 363; *Craig* v. *Cox,* 2 Bibb [Ky.], 309; *Hughes* v. *Sanders,* 3 id., 360; *Robinson* v. *Offut,* 7 Mon. [Ky.], 540; *Smith* v. *Townsend,* 25 N. Y., 482; *Place* v. *McIlvain,* 38 id., 99; *Fellows* v. *Prentiss,* 3 Den., 518; *Myers* v. *Welles,* 5 Hill, 464, 465; *Bangs* v. *Strong,* 7 id., 250; *Schnitzel's Appeal,* 49 Penn., 25; *Armstrong's Appeal,* 5 W. & S., 356; *Pott* v. *Nathans,* 7 id., 157; *Burns* v. *Huntingdon Bk.,* 1 P. & W., 398; *Parsons* v. *Briddock,* 2 Vern., 608; *McCormick* v. *Irwin,* 11 Casey, 117; *Johnson* v. *Zink,* 51 N. Y., 336; *Strong* v. *Foster,* 17 Co., 73; O. S., 219; *Aldrich* v. *Cooper,* 2 W. & T. L. Cas. in Eq., 153; *Pledge* v. *Buss,* 1 J. R., 663.)

*John B. Elwood* for the respondent. Defendants' undertaking referred to the final determination of the action in the court of last resort or before the tribunal having cognizance finally of the action. (*Traver* v. *Nichols,* 7 Wend., 434; *Ball* v. *Gardner,* 21 id., 270; *Bennett* v. *Brown,* 20 N. Y., 99; *Robinson* v. *Plympton,* 25 id., 484; *Gardner* v. *Barney,* 24 How., 467; *Smith* v. *Crouse,* 24 Barb., 433; *Tibble* v. *O'Connor,* 28 id., 538; 61 id., 125.)

CHURCH, Ch. J. The first question is whether the sureties upon the undertaking, upon the appeal from the Special to the General Term of the Common Pleas, are liable for the

costs of appeal from the General Term to the Court of Appeals. The undertaking, after reciting that the defendant intended to appeal to the General Term, was conditioned, among other things, that the appellant should pay "all costs and damages which may be awarded against him on said appeal." The judgment was affirmed at the General Term and an appeal taken to the Court of Appeals, upon which an undertaking was executed and perfected, by other persons, as sureties, according to sections 334 and 335 of the Code. The costs and damages in the Court of Appeals are not within the terms of the undertaking, nor was an appeal to the Court of Appeals necessary to procure an affirmance of the judgment in the General Term, and upon what principle the liability of sureties can be thus extended, and their contract enlarged, it is difficult to comprehend. The learned judge who delivered the opinion in the court below, was clearly right in his opinion that the defendants were not liable for these costs as an original question, but he erred in supposing that the adjudications of this court, and other courts, had settled the question in favor of such liability. The principal case in this court relied upon, is *Robinson* v. *Plimpton* (25 N. Y., 484). In that case, upon the appeal to the General Term, the judgment was reversed by that court; but upon an appeal to the Court of Appeals, the judgment of the General Term was reversed, and that of the court below affirmed, and the sureties, upon the appeal to the General Term, were held not discharged by reason of the reversal in the first instance, but were held liable, and this was upon the express ground that the proceedings in the Court of Appeals were necessary, and had the effect to obliterate the erroneous judgment of the General Term, and to procure an affirmance in that court, and that, when the affirmance was procured, the contingency upon which the liability of the sureties depended had occurred, and that it was immaterial whether the first erroneous action of the General Term was corrected by that court, as it clearly had power to do, or by the mandate of a higher court. The reversal was

expunged, and held for nothing. It was as though such action had not been taken. The General Term had power to do this itself. If it had, and upon a rehearing had affirmed the judgment, it would have been too clear for cavil that the contingency of liability, viz., an affirmance by the General Term, had occurred. That it was done by the command of a higher tribunal did not change its effect, and this court held, and we think properly, that substantially for the purpose of enforcing the undertaking, it was the same as though the General Term had decided right in the first instance. This decision has no bearing upon the question in the present case, and the observations of the learned judges who delivered opinions, when applied to the facts, have no relevancy to the facts of this case. Here the judgment was affirmed at General Term. The liability of the defendants was fixed. They had agreed to pay that judgment, and the costs *upon that appeal.* They did not agree to pay the costs upon an appeal by the defendant to any other court. When a further appeal was taken to the Court of Appeals, the statute required that a new undertaking should be given for the costs in that court, unless waived by the plaintiff. If given, that undertaking, in addition to the responsibility of the defendant, was his only reliance for the costs in the Court of Appeals ; if waived by him, the responsibility of the defendant was his only security.

*Bennett* v. *Brown* (20 N. Y., 99) was the case of a bond given upon issuing an attachment against non-resident debtors, conditioned to pay all damages and costs which they should sustain by reason of issuing the attachment if the plaintiff should fail to recover judgment thereon. A judgment was obtained before the justice, but it was reversed on *certiorari* to the Common Pleas. The court held the defendant liable for the judgment for costs in the Common Pleas. The terms of the bond did not restrict the liability to a failure to recover before the justice, but extended to a final recovery in the action, and when the justice's judgment was reversed, it was as though never rendered. The principle of the decision

is analogous to that in 25 New York (*supra*). *Gardner* v. *Barney* (24 How. Pr., 467), was similar in facts to *Robinson* v. *Plimpton* (*supra*), and *Smith* v. *Crouse* (24 Barb., 433), was similar in principle. *Tibbles* v. *O'Connor* (28 Barb., 538), was upon an undertaking in behalf of the plaintiff in an action upon a claim and delivery of personal property conditioned, among other things, for the payment of such sum as might "for any cause" be recovered in the action. The court held that the costs recovered upon appeal to the General Term were covered by the terms of the undertaking, as they clearly were. *Ball* v. *Gardner* (21 Wend., 270) and *Traver* v. *Nichols* (7 Wend., 434) were like *Bennett* v. *Brown* (*supra*). Neither of these authorities touch the point involved here, and we have been referred to no authority holding that when the judgment was affirmed at the General Term, and the liability of the sureties upon the appeal to that court fixed, any further liability could be imposed upon them by appeals to other courts. Such a result would enlarge the contract and violate well known elementary principles; and the distinction between such a case, and the cases cited is manifest.

If this was the only point in the case a new trial would be unnecessary, as the amount of the costs in the Court of Appeals could be deducted, and the judgment affirmed for the balance, but various other questions are raised by the appellant the most important of which is that the sureties upon the appeal to the Court of Appeals were released by a former owner of the judgment, and that such release operated to discharge the defendants from liability upon the first undertaking. The judge at Circuit directed a verdict, and if the fact of release was established, or if the evidence tended to establish it, and it constituted a defence, it was error to direct a verdict. The question involves the relative liability of the sureties upon the appeal to the General Term, and the sureties upon the appeal to the Court of Appeals, as between themselves. The original plaintiff in the judgments assigned them to Gunther, the latter to Elwood, and he to

the plaintiff. The evidence tends to show that Gunther acted for the benefit of Schuchman and Müller the sureties in the undertaking upon the appeal to the Court of Appeals, and that they furnished the money to pay the original plaintiff $400 and to pay Elwood, the attorney, $500. The first agreement between Gunther and Elwood confirms this view. By that agreement Elwood was to receive the $500 in full for the costs and counsel fee up to that time, and for conducting the case through the Court of Appeals. It was also agreed, that in case any money should be collected of the defendants or of the "prior sureties," Elwood was to have one-half up to $500, and one-third above that sum; and it was expressly agreed that no proceedings should be taken against Schuchman and Müller upon the undertaking on the appeal to the Court of Appeals. It is difficult to find a reason for such an agreement, except from the fact inferable from the other evidence that Gunther was acting in behalf of those sureties. The second agreement shows this more strongly. By this Gunther assigned the judgments to Elwood, and the latter expressly released Schuchman and Müller from all liability by reason of their undertaking, and Gunther covenanted, " on the part of " Schuchman and Müller, that they would make no claim against Elwood or the original plaintiff for the money paid to either of them; and this agreement was witnessed by Müller, thus evincing his assent and authority. From these agreements and the other evidence it is quite clear that Gunther acted as the friend and agent for the last sureties, and that their object was to relieve themselves from liability upon their undertaking. But whether this was so or not the effect of the transaction was to release them. Elwood could not, against his own covenant, have made any claim against them. The only title transferred to him was the judgment against the defendant therein and a claim against the "prior sureties," upon condition that the sureties to the Court of Appeals should be released. The plaintiff could acquire from him nothing more. He stands in Elwood's place and is subject to any

defence valid against Elwood, so that, in any view for the purposes of this action, the last sureties must be regarded as released and discharged, and the question is, what effect this had upon the liability of these defendants upon the undertaking to the General Term.

As before observed, when the judgment was affirmed at the General Term the liability of the defendants was fixed. The defendant, their principal, had a right of appeal to the Court of Appeals; but to do so it was, in the first place, indispensable to furnish sureties to an undertaking for $500 to secure the costs (unless waived by the plaintiff) and to stay proceedings, to an undertaking to pay the judgment if affirmed. Schuchman and Müller became such sureties and thereby prevented the collection of the judgment until the determination of the appeal which might be for several years. But for their intervention the judgments may have been collected of the defendant therein. They secured the delay by agreeing to pay the judgment. The present defendants may· have been injured and justice would seem to demand, that between parties thus situated the primary liability should rest upon those who intervened to procure the delay. It is a general rule that sureties, upon payment, are entitled to be substituted to all the rights and remedies of the creditor as to any fund, lien or equity to which the latter may resort for payment, and in equity are entitled to the benefit of any judgment or instrument against the principal. (1 Comst., 595; 1 Story's Eq. Jur., § 499, note 5, and cases cited.) This right of substitution does not depend upon contract but upon principles of equity arising out of the relation of principal and surety, and the obligation of the former to indemnify the latter against loss. (Id.) Upon the affirmance of the judgments at the General Term, these defendants had a right to pay the same as sureties, and to be substituted to the rights of the plaintiff in the judgments and to enforce the same against the defendant therein. In that case, upon appeal to the Court of Appeals, the undertaking would necessarily inure to the benefit of the defendants as equitable owners of the

judgments, and upon affirmance in the Court of Appeals they could enforce it against the second sureties. The latter agreed, upon the contingency of affirmance, to stand in the place of their principal, the defendant in the judgments, and to pay the judgments. In effect they became sureties to and not for these defendants, and, hence, would not have been entitled, upon payment, to substitution against them. (*Armstrong's Appeal*, 5 W. & S., 352.)

In *Parsons* v. *Briddock* (2 Vern., 608) the principal in a bond was sued and arrested, and gave bail. The sureties in the original bond having been sued and paid the judgment, it was decreed that the judgment against the bail be assigned to them to reimburse them what they had paid. This decision seems to have been questioned by the Lord Chancellor, in *Hodgson* v. *Shaw* (3 Myl. & K., 182), as being in conflict with *Copis* v. *Middleton* (1 T. & Russ., 224) upon the point of a right to the assignment of the judgment, a point which has been considerably controverted in England, but which in this country has been settled against the doctrine of *Copis* v. *Middleton*, and in favor of the right of sureties to the benefit of the instrument or specialty paid. (4 J. Ch., 129 ; 1 Story's Eq. Juris., § 499 *b*, note 5 and cases cited.) But this difference does not affect the point involved here as to the superior obligation between the two sets of sureties to pay this debt. It only applies to the remedy and not the relative obligation.

In Pennsylvania, under a statute authorizing a stay of execution for a year upon giving security, it has been repeatedly held that the surety for the original debt, upon payment, is entitled to the remedy of the creditor against the surety upon the stay. (*Burns* v. *Huntington Bk.*, 1 Penn.; 395 ; *Pott* v. *Nathans*, 1 W. & S., 155 ; *Schnitzel's Appeal*, 49 Penn. St., 23.) The reasoning in those cases applies to this, that the later surety suffers no injustice in being obliged to do what he has agreed ; and that his equities are subordinate to those of the original surety, because his interposition may have been the means of involving the first surety in

ultimate liability to pay. *McCormick's Admrs.* v. *Irwin* (35 Penn. St., 111) was a case involving the equities between sureties, and the same principle was recognized and adopted. We think, upon principle and authority, that the later sureties are primarily liable as between them and the first sureties, and it follows that the release of such later sureties by the creditor discharged the defendants, because it deprived them of a remedy over to which they would otherwise have been entitled. The rule is comprehensively stated by Story: "That if a creditor does any act injurious to the surety, or inconsistent with his rights, or if he omits to do any act, when required by the surety, which his duty enjoins him to do, and the omission proves injurious to the surety, in all such cases the latter will be discharged." (1 Story's Eq. Juris., § 325.) The question of the liability of the defendants to the owner of the judgments, after the appeal to the Court of Appeals, if the sureties upon such appeal had not been released, is not necessarily involved, and is not considered. We hold that, assuming such liability, the discharge of the surety upon such appeal discharged the defendants from liability upon the appeal to the General Term. The point was sufficiently raised at the trial.

The judgment must be reversed, and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.