HENRY B. BARNES AND OTHERS *against* JACOB H. MOTT, IMPLEADED WITH OTHERS. *

(Decided May 4th, 1875.)

A judgment was recovered and docketed against A., and became a lien on certain real estate, which, pending an appeal, he sold with covenants of warranty to a purchaser who had no knowledge of the judgment, and under that purchase the plaintiff, by certain *mesne* conveyances, became the owner of the property. That judgment having been affirmed, an appeal was taken to the Court of Appeals, and on that appeal an undertaking to stay proceedings was given, and the judgment having been affirmed by the Court of Appeals, the defendant W., who had knowledge of all these facts, purchased the judgment, and afterwards gave a release to the sureties on the undertaking, and afterwards assigned the judgment to the defendant M.: *Held*, that under the circumstances the holder

---

* Affirmed in the Court of Appeals in 64 N. Y. 397.

of the real estate purchased from A. stood to the sureties on the undertaking on appeal in the relation of a surety, and that as they had been released from liability for the judgment, it could not be enforced against the land, and that in an action for that purpose the enforcement of the judgment against the property would be perpetually enjoined.

APPEAL by the defendant Jacob H. Mott from a judgment of this court, entered on the decision of Chief Justice CHARLES P. DALY, after a trial before him at special term.

This action was brought on the equity side of the court, to restrain, by perpetual injunction, the sale of a house and lot in Twelfth street, in this city, under an execution upon a judgment recovered in this court.

The judgment in question was for $17,093 58, and was obtained by one Orchard against Britton and Bininger, on the 2d day of February, 1864. At that time, Britton was the owner of the premises referred to, and this judgment thereupon became a lien thereon. In the latter part of the year 1864, Britton sold and conveyed the said premises, with full covenants and warranty, to one Burr, who purchased the same in ignorance of the judgment, and paid the full value therefor. Burr died in the following year, and his devisees sold and conveyed the property to a Mrs. Ludlam, one of the plaintiffs herein, who, in the year 1873, sold and conveyed it to Henry B. Barnes, also one of the plaintiffs in this action.

At the time of the conveyance to Burr an appeal from the said judgment to the general term of this court was pending. In October, 1868, the judgment was affirmed by the general term, and an appeal was thereupon taken to the Court of Appeals. On this latter appeal, two of the defendants, Wilson and Darrow, executed an undertaking, whereby all proceedings to enforce said judgment were stayed during the pendency of said appeal. In January, 1873, the judgment was affirmed by the Court of Appeals. Immediately thereafter an action was commenced against Wilson and Darrow on their said undertaking. In this action, Wilson and Darrow were defended by the defendant Wagner, who, in March of the same year, settled with the owners of the judgment, and took an assignment thereof to himself, and at the same time obtained a discontinu-

ance of the action against the sureties. Within a day or two thereafter, Wagner, by a release executed under his hand and seal, released the said Wilson and Darrow from all liability on their said undertaking. Wagner then assigned the said judgment to the defendant Mott, who caused an execution to be issued thereon, by Wagner as his attorney, to the sheriff of the city and county of New York. The sheriff levied upon the premises in question, and advertised the same for sale, whereupon this action was commenced, to perpetually enjoin the defendants from enforcing the judgment against the land on which it was a lien.

The case was tried before Chief Justice CHARLES P. DALY, who sustained the action and rendered, on filing his decision, the following opinion:

" My general conclusion is that the plaintiffs are entitled to have the assignee of the judgment perpetually enjoined from enforcing it by the sale of the land upon which the judgment was a lien.

" The necessity for an immediate decision will not admit of anything more than a brief statement of the grounds of that conclusion. They are as follows:

" Mott, the present assignee of the judgment, took nothing by the assignment, except what it was in the power of Wagner to transfer, and as Wagner purchased the judgment with a knowledge of all the facts, he took it subject to the equitable rights and obligations of the prior parties.

" Burr and his successors stood, as respects their rights and interest in the land, in the position of sureties for the payment of the judgment to the extent of the value of the land. The defendants in the judgment were the parties primarily liable, or what is termed the principal debtors, and if they did not pay it, Burr or his successors were bound to do so, or else the land, the judgment being a lien upon it, might be sold to satisfy the judgment, and in either event Britton would have been bound to indemnify Burr or his successors, at least to the extent of the consideration received upon the purchase of the land, Britton having sold it to Burr with a covenant of warranty and quiet enjoyment.

" When a lien upon land arises from the recovery of a judgment, it is a right to have the land applied towards the satisfaction of the judgment. The land is a security for the payment of the judgment, and if conveyed to another after the recovery of the judgment, it is tranferred necessarily subject to this lien or charge. The party who takes it is, as respects the land, a surety for the payment of the judgment to the extent of the value of the land. He is a surety from the fact that he is not primarily liable for the payment of the debt for which the judgment was rendered, and if the land is taken for the satisfaction of the judgment, or if, to avert its being so taken, he is compelled to pay the judgment, he has his remedy over for indemnity against the judgment debtor who conveyed the land to him.

" It might be otherwise when the property is conveyed with a knowledge of the lien on the part of the grantee, and it is allowed for, or taken into account, in the consideration paid for the land, which was not the case here, for the consideration paid by Burr was the full value of the land, less the mortgage upon it. Indeed, the judgment, which was for $17,093 55, was more than the value of the land with the incumbrance upon it.

" If I am right in the conclusion that Burr and his successors stand, as respects the land and the lien, in the position of surety for the satisfaction of the judgment, to the extent of the value of the land, then it follows, upon the authorities referred to, that the sureties upon the appeal to the Court of Appeals, if compelled to pay the judgment in pursuance of their undertaking, would have had no recourse for indemnity upon the prior surety, and that, if the prior surety had been compelled to pay the judgment to release his land, or his land had been taken to satisfy the judgment, that he would have had the equitable right to be subrogated to the rights of the creditor against the sureties upon appeal, through whose intervention all proceedings on the judgment was stayed, for the benefit of the judgment debtors, in an unsuccessful attempt on their part to get the judgment reversed, involving a delay of several years, during which period both of the judgment debtors became irresponsible, either of them, at the time of the recovery of the

judgment, and before the appeal, having been abundantly able to pay the judgment.

" If the creditors had enforced the lien by a sale of the land, under an execution upon the judgment, the owner of the land would have his remedy over against the subsequent sureties upon appeal, or the right, upon the authority of *Ingalls* v. *Morgan* (10 N. Y. 178), have been compelled to exhaust his remedy against the sureties upon the appeal before resorting to his remedy against the land under the lien. He did neither. He assigned the judgment to parties who, after an action had been brought against the sureties upon appeal, in turn assigned it to Wagner, and Wagner, as assignee of the judgment, released the sureties. By doing so, he cut off those who succeeded to the interest of Burr from any remedy, by subrogation or otherwise, against these sureties, if the land, to the ownership of which they have succeeded, should be taken to satisfy the judgment in the enforcement of the lien. Under those circumstances, it would be inequitable to allow Wagner to sell the land under the execution, and the plaintiff therefore is entitled to the injunction prayed for."

The defendant, Mott, appealed to the court at general term.

*Luther R. Marsh*, for appellant.

*Addison Brown*, for respondents.

Loew, J. [after stating the facts of the case as above given]. —The question is therefore presented, whether on the state of facts, the learned Chief Justice before whom the case was tried was correct in adjudging and decreeing that the said premises should be released and discharged from the levy made thereon by the sheriff, and that the enforcement, by execution or otherwise, of any lien by reason of the said judgment against the said premises, should be perpetually enjoined and restrained. We think he was, for the following reasons :

1st. Burr was a *bona fide* purchaser of the real estate in question, and he and his successors stood, as respects the property, in the relation of sureties for the payment of the judg-

ment against Britton (*Ingalls* v. *Morgan*, 10 N. Y. 178). It is true, no liability could attach to them personally, and their property only was bound for the satisfaction of the judgment. Nevertheless, a person whose property is thus situated has all the rights and remedies of a surety who is personally bound (*Ingalls* v. *Morgan*, *supra;* *Neimcewicz* v. *Gahn*, 3 Paige, 614; s. c. 11 Wend. 312). If, therefore, the plaintiffs had been compelled to pay the judgment, in order to preserve their estate in the premises, or if the same had been taken to satisfy the judgment, they would in equity have been entitled to be substituted in the place of the creditor, not only with respect to the judgment itself, but also as to any other security, fund or lien which the creditor had, or to which he might resort for payment (*Boyd* v. *Finnegan*, 3 Daly, 222, and cases cited).

2d. As between the first sureties bound in their property and Wilson and Darrow, the subsequent sureties bound personally on their undertaking, the latter are primarily liable. They, with knowledge of the conveyance to Burr, executed the undertaking on appeal to the Court of Appeals, and thus delayed the enforcement of the judgment against the principal debtors for several years. Their intervention not only might have prejudiced, but actually did prejudice and ·injure, the prior sureties ; the judgment debtors, in the meantime, having become insolvent. The equities of the later sureties are, therefore, subordinate to those of the prior sureties (Ct. of Appeals, *Hinckley* v. *Kreitz*, MSS. Op.). Hence, if the plaintiffs had paid the judgment, they would have been entitled to be subrogated to the rights and remedies of the judgment creditor as regard the undertaking executed by Wilson and Darrow. But the latter, on payment of the judgment, would not have been entitled to be put in the place of the creditor, with the right to enforce the judgment against the land of the prior sureties (Id.).

3d. In general, if a creditor does any act which is prejudicial to the surety, or in contravention of his rights as such surety, ʼor if he omits to do some act which his duty imposed on him, and such act affects the surety injuriously, the latter will be released from all liability (*Hinckley* v. *Kreitz, supra;* *Ingalls* v. *Morgan, supra*). In this case, Wagner, with knowledge of

all the facts, discharged Wilson and Darrow from all liability on their undertaking on the appeal to the Court of Appeals. This act clearly injured and prejudiced the prior sureties, because it deprived them of their remedy over against Wilson and Darrow, the subsequent sureties. Consequently the judgment creditor, Wagner, lost the right of enforcing the judgment against the property of the first sureties. And his assignee, Mott, who is the present owner of the judgment, occupies the same position. He could acquire no other or greater rights than his assignor had.

It follows, from what has been said, that the judgment appealed from should be affirmed, with costs.

LARREMORE and JOSEPH F. DALY, JJ., concurred.

Judgment affirmed.