# NEW YORK COMMON PLEAS.

HENRY B. BARNES and others, plaintiffs and respondents, agt.
JACOB H. MOTT and others, defendants and appellants.

*Discharge of sureties in undertaking on appeal from judgment — when lien of
judgment discharged.*

Where the sureties in an undertaking upon an appeal to the court of
appeals, after affirmance, have been discharged and released from all
liability on their undertaking by the owner of the judgment appealed
from, a subsequent assignee and owner of the judgment will be per-
petually enjoined from issuing execution upon such judgment and
enforcing it against real estate in the hands of a *bona fide* purchaser or
his grantee, upon which the judgment was a lien when the appeal was
taken.

*General Term*, 1875.

*Before* LOEW, LARREMORE *and* J. F. DALY, *JJ.*

APPEAL by the defendant Mott from a judgment of the
special term of this court in favor of the plaintiffs.

*Luther R. Marsh & A. H. Wagner*, for appellants.

*Benedict, Taft & Benedict and Addison Brown*, for
respondents.

LOEW, *J.* — This suit was brought on the equity side of the
court to restrain by perpetual injunction the sale of a house
and lot in Twelfth street in this city, under an execution upon
a judgment recovered in this court.

The judgment in question was for $17,093.58, and was obtained by one Orchard against Britton and Bininger on the 2d day of February, 1864. At that time Britton was the owner of the premises referred to and this judgment thereupon became a lien thereon.

In the latter part of the year 1864, Britton sold and conveyed the said premises with full covenants and warranty to one Burr, who purchased the same in ignorance of the judgment, and paid the full value therefor; Burr died in the following year and his devisees sold and conveyed the property to a Mrs. Ludlam, one of the plaintiffs herein, who in the year 1873 sold and conveyed it to Henry B. Barnes, also one of the plaintiffs in this action.

At the time of the conveyance to Burr an appeal from the said judgment to the general term of this court was pending. In October, 1868, the judgment was affirmed by the general term, and an appeal was thereupon taken to the court of appeals. On this latter appeal two of the defendants, Wilson and Darrow, executed an undertaking whereby all proceedings to enforce said judgment were stayed during the pendency of said appeal. In January, 1873, the judgment was affirmed by the court of appeals. Immediately thereafter an action was commenced against Wilson and Darrow on their said undertaking. In this action Wilson and Darrow were defended by the defendant Wagner, who in March of the same year settled with the owners of the judgment and took an assignment thereof to himself, and at the same time obtained a discontinuance of the action against the sureties. Within a day or two thereafter Wagner, by a release executed under his hand and seal, released the said Wilson and Darrow from all liability on their said undertaking. Wagner then assigned the said judgment to the defendant Mott, who caused an execution to be issued thereon by Wagner as his attorney to the sheriff of the city and county of New York. The sheriff levied upon the premises in question and advertised the same for sale, whereupon this action was commenced.

Barnes agt. Mott.

The question is therefore presented, whether on this state of facts the learned chief justice before whom this cause was tried, was correct in adjudging and decreeing that the said premises should be released and discharged from the levy made thereon by the sheriff, and that the enforcement by execution or otherwise of any lien by reason of the said judgment against the said premises should be perpetually enjoined and restrained. We think he was for the following reasons :

1st. Burr was a *bona fide* purchaser of the real estate in question, and he and his successors stood as respects the property in the relation of sureties for the payment of the judgment against Britton (*Ingalls* agt. *Morgan*, 10 *N. Y.*, 178). It is true no liability could attach to them personally, and their property only was bound for the satisfaction of the judgment. Nevertheless, a person whose property is thus situated has all the rights and remedies of a surety who is personally bound (*Ingalls* agt. *Morgan, supra ; Niemcewiez* agt. *Gahn*, 3 *Paige*, 614; *S. C.*, 11 *Wend.*, 312). If, therefore, the plaintiffs had been compelled to pay the judgment in order to preserve their estate in the said premises, or if the same had been taken to satisfy the judgment, they would in equity have been entitled to be substituted in the place of the creditor, not only with respect to the judgment itself, but also as to any other security, fund or lien which the creditor had or to which he might resort for payment (*Boyd* agt. *Finnegan*, 3 *Daly*, 222, *and cases cited*).

2d. As between the first sureties bound in their property, and Wilson and Darrow the subsequent sureties, bound personally on their undertaking, the latter are primarily liable. They, with knowledge of the conveyance to Burr, executed the undertaking on appeal to the court of appeals, and thus delayed the enforcement of the judgment against the principal debtors for several years. Their intervention not only might have prejudiced, but actually did prejudice and injure the prior sureties, the judgment debtors in the mean time having become insolvent. The equities of the later sureties

Barnes agt. Mott.

are, therefore, subordinate to those of the prior sureties (*Hinckley* agt. *Kreitz*, 58 *N. Y.*, 583). Hence, if the plaintiffs had paid the judgment, they would have been entitled to be subrogated to the rights and remedies of the judgment creditor as regards the undertaking executed by Wilson and Darrow. But the latter, on payment of the judgment, would not have been entitled to be put in the place of the creditor with the right to enforce the judgment against the land of the prior sureties (*Id.*).

3d. In general, if a creditor does any act which is prejudicial to the surety or in contravention of his rights as such surety, or if he omits to do some act which his duty imposed upon him, and such act affects the surety injuriously, the latter will be released from all liability (*Hinckley* agt. *Kreitz*, *supra; Ingalls* agt. *Morgan*, *supra*). In this case Wagner, with knowledge of all the facts, discharged Wilson and Darrow from all liability on their undertaking on the appeal to the court of appeals. This act clearly injured and prejudiced the prior sureties, because it deprived them of their remedy over against Wilson and Darrow, the subsequent sureties. Consequently, the judgment creditor, Wagner, lost the right of enforcing the judgment against the property of the first sureties. And his assignee, Mott, who is the present owner of the judgment, occupies the same position. He could acquire no other or greater rights than his assignor Wagner had.

It follows from what has been said that the judgment appealed from should be affirmed with costs.

LARREMORE and J. F. DALY, JJ., concurred.