THOMPSON SMITH AND OTHERS, RESPONDENTS, v. JOHN M. FALCONER, IMPLEADED WITH OTHERS, APPELLANT.

*Bond upon opening of inquest — liability of sureties on.*

Upon application of the defendant Hazlett, leave was granted to him to appear and defend in an action in which an inquest had been taken against him, upon his giving a bond, with sureties, to secure to the plaintiff any judgment that might be recovered by him. The bond having been given, a judgment was recovered against Hazlett, from which he appealed, giving security to stay proceedings. The judgment was affirmed on appeal.

In an action by the plaintiff upon the bond, given upon the opening of the inquest, the sureties thereto claimed that they were released by the extension of time given during the appeal; and that, in any event, the plaintiff must first resort to the sureties on the undertaking given on the appeal. *Held*, that these defenses were properly overruled.

APPEAL by defendant John M. Falconer from a judgment in favor of the plaintiffs and against the defendants, James W. Hazlett, John M. Falconer and Lewis Hopner, entered on a verdict directed by the court, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought upon a bond executed by the defendants to the plaintiff, conditioned that if these defendants should

pay to the plaintiff any judgment they might recover in a certain action then pending, in which these plaintiffs were plaintiffs, and James W. Hazlett, impleaded, etc., was defendant, then the obligation should be void.

*Edward P. Wilder*, for the appellant. The sureties upon the bond are discharged by virtue of the appeal taken from the judgment recovered against Hazlett to the General Term, and the subsequent undertaking given to stay proceedings pending such appeal. At least the remedy against the sureties on the present bond should be held secondary to that against the sureties on the appeal undertaking, and no action should be brought against the former until all remedy is exhausted against the latter. (*Hinckley* v. *Kreitz*, 58 N. Y., 583, 590, 591; *People ex rel. Wehle* v. *Conner*, Sup. Ct., 1st dept., decided Oct. 31, 1876; N. Y. Weekly Dig., Jan. 8, 1877; *Croydon Com'l Gas Co.* v. *Dickerson*, L. R., 1 C. P. D., 707; reported Alb. Law Jour., Jan. 13, 1877, pp. 30, 31; *Polak* v. *Everett*, Eng. High Ct. of J., Q. B. Div., decided Feb. 10, 1876; reported N. Y. Weekly Dig., Jan. 5, 1876, p. 385; *Bank of Albion* v. *Burns*, 46 N. Y., 170; *Thurber* v. *Corbin*, 51 Barb., 215; *Wright* v. *Austin*, 56 id., 13.)

*Charles Whelp*, for the respondents.

BRADY, J. :

The plaintiff commenced an action against James W. Hazlett and William R. Marvin, and an inquest was taken therein. Hazlett applied to the court in that action for liberty to appear and defend, and his application was granted upon his doing certain acts, including the giving of a bond to secure to the plaintiffs any judgment that might be recovered by them in that action.

The bond was given and such proceedings were subsequently had that judgment was rendered against the defendant, Hazlett, impleaded, etc. He appealed and gave the necessary undertaking to stay the proceedings. His appeal was not successful. The judgment was not paid, and the defendant now claims that the sureties on the appeal are primarily liable and must be resorted to, and the remedy exhausted against them before he can be called upon to

pay. This is an erroneous view of his obligations. The privilege given to his principal was a favor and on conditions. The bond which he executed was not a statutory instrument, but one directed by the court, and which, in the exercise of its discretion, it could require as a condition of granting the favor asked.

The engagement was absolute, to pay any judgment which the plaintiffs might recover in the action, and was wholly independent of any statutory right to which the defendant, his principal, might resort for a stay of proceedings, which was the chief object of the undertaking given on the appeal. The plaintiffs are not responsible for the subsequent proceedings of the principal; they were obliged to submit, and the delay to which they were subjected was caused by the bond which the defendant gave. If the condition of opening the default had not been performed by the execution of the bond, the stay would not have followed.

If the defendant desired to prevent the accumulation of costs and interest, it was his duty, when the judgment was obtained, which ensued upon the reference, to have tendered the amount of it, and thus prevented any further liability. He did not do so, but permitted the appeal and the further undertaking and delay, without any act to protect himself.

This is not a question of primary liability growing out of statutory undertakings given on successive stages of appeals, and when the obligation is limited by the appeal, and which were considered and explained in *Hinckley* v. *Kreitz* (58 N. Y., 583). There the law may establish precedence and require the prosecution of the remedy in the inverse order; but we have no occasion to pass upon that question here. The bond under consideration is absolute and independent, and the remedy exists under it if the plaintiffs choose to pursue it.

We have examined the exceptions to evidence and find nothing in them which requires particular examination. It is sufficient to say of them that they are not available to obtain a new trial.

The judgment should be affirmed with costs.

DANIELS, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment affirmed, with costs.