## SUPREME COURT.

BURTON G. MORSS, appellant, agt. JANSEN HASBROUCK and others, respondents.

*Appeal— Undertaking— Form of undertaking on appeal to the court of appeals, from a judgment or order of the general term, affirming a judgment or order previously entered, with costs— Code of Civil Procedure, sections, 1317, 1326, 1327, 1328, 1330, 1331, 1332.*

An undertaking given upon an appeal to the court of appeals, from an order and judgment of the general term, affirming the judgment below, must, in express words, provide for the payment of the original judgment if the judgment of the general term, affirming such judgment, be itself affirmed by the judgment or order of the court of last resort (*See S. C., ante,* 84).

*Ulster Special Term, June,* 1882.

MOTION to declare an undertaking on appeal to the court of appeals defective.

*A. Schoonmaker,* for respondents and motion.

*William Lounsbury,* for appellant opposed.

WESTBROOK, *J.* — This cause was before the court upon a similar motion in April last, and the opinion then written is contained in 63 *Howard (page* 84). Upon that occasion the undertaking given upon an appeal to the court of appeals from an order and judgment of the general term of this court, affirming a previous judgment for costs against the appellant, in favor of the respondents, entered upon the report of a referee, was held to be defective for two reasons, to wit: First. Because it was executed by only two persons, of whom the appellant was one, and, therefore, it had not " two sureties," as required by the Code ; and, second. The form of the undertaking was adjudged not in accordance with section 1332

of the Code, which was held to require it to "be in the same form, as if the judgment appealed from did itself render a judgment similar to the one which it affirmed." In other words, it was then decided that the undertaking should be in such a form that its express language would in case of the affirmance by the court of appeals of the order or judgment of the general term, or of the dismissal of the appeal to the court of appeals, make the sureties thereon liable for the payment of the judgment entered upon the report of the referee, and which judgment the general term had affirmed.

The appellant has since the previous decision filed a new undertaking, which complies with such decision and the Code as to the number of the sureties, but its form is identical with that which was then held to be defective. By an analysis of the language of the previous undertaking it was shown (63 *How.* 84, *see pages* 88, 89) that the sureties had simply made themselves liable for the payment of the judgment entered upon the decision of the general term, and not for the original judgment entered upon the report of the referee, which that of the general term had affirmed. It will be unnecessary to refer in detail to the language of the new undertaking, for as it is substantially identical, as has already been stated, with the former, the criticism of such former undertaking is applicable to it.

The respondents now move to have the last undertaking also declared defective for the reason that it does not comply with section 1332 of the Code, by expressly providing for the payment of the original judgment. Upon this motion the counsel for the appellant was, at his urgent request, again heard at some length, but nothing which he urged has in the least shaken the views expressed in the former opinion.

*First.* Section 1332 of the Code prescribes the form of the undertaking to be given, when the appeal to the court of appeals is from a judgment or order of the general term, affirming a previous judgment or order. By sections 1327, 1328, 1329, 1330 and 1331, the forms of undertakings on

appeals to the court of appeals from judgments or orders of the general term directing the performance of some act, are prescribed, but in neither of those sections is the form of the undertaking given for a case in which the appeal is from a judgment or order of the general term affirming a previous judgment or order. For the latter case section 1332 alone provides. What does it declare? "Where the judgment or order from which an appeal is taken to the court of appeals, affirms a judgment or order, to the effect specified in either of the last five sections, the undertaking must be the same as if the judgment or order from which the appeal is so taken was to the same effect as the judgment or order so affirmed."

It would seem to be difficult to make a provision more explicit. "The undertaking must be the same," declares the statute, "as if the judgment or order from which the appeal is so taken, was to the same effect as the judgment or order so affirmed." If the judgment or order appealed from had itself rendered or made the original judgment or order, then clearly the undertaking to be given on appeal to the court of appeals, must provide for the payment of such judgment; but as the judgment or order of the general term did not render the original judgment, but simply affirmed it with costs, the undertaking to be given on the appeal to the court of appeals, must, in order to " be the same as if the judgment or order from which the appeal is so taken was to the same effect as the judgment or order affirmed," expressly provide for the payment of such original judgment. This seems so clear as to require no extended comment; but there is one further thought, to which allusion will now be made.

By section 1317 of the Code the judgment or order of affirmance in the general term could not directly award the amount of the original judgment. Its language is: "A judgment, affirming wholly or partly a judgment, from which an appeal has been taken, shall not, expressly and in terms award to the respondent a sum of money or other relief, which was awarded to him by the judgment so affirmed." Of this pro-

vision, Mr. Throop in his note says: "The second sentence" (the one just quoted) "is new. It was added to prohibit, by an express enactment, the absurd, inconvenient and unnecessary practice of entering up a judgment for the original amount, when a judgment appealed from is affirmed."

By the light of this section the language of section 1332 is more easily understood. The judgment or order of the general term, when it affirms one previously rendered or made, must be simply an affirmance, and it cannot, "expressly and in terms," render or make a new one to the same effect as the old. As therefore the judgment or order of affirmance does not, "expressly and in terms," render or make a new judgment or order to the same effect as the one which it affirmed, it becomes necessary on appeal to the court of appeals, in order to secure the payment of the original judgment, that "the undertaking must be the same as if the judgment or order from which the appeal is so taken was of the same effect as the judgment or order so affirmed."

*Second.* Mr. Throop, in his note to section 1332, has left us in no doubt as to his meaning by the insertion of such new section. He says: "The rule has been very obscure upon the point which this section aims to settle, but it is believed that this section is in accordance with the practical construction of the provisions of the original statute. See *Hinckley* agt. *Kreitz* (58 *N. Y.*, 583) where it was held the sureties in the undertaking given upon appeal to the court of appeals stand in the relation of sureties to those in the undertaking given on appeal to the general term. This obscurity was, doubtless, one reason why double judgments were entered as stated in the note to section 1317 (*ante*)."

This is a plain and explicit declaration by the author of the section that it was inserted to remove all obscurity as to the liability of the sureties upon the appeal to the court of appeals. That court had held, in the case to which he refers, that those sureties occupied to the signers of the undertaking, on the appeal to the general term, the position of sureties.

Still, as without the provisions of the new section, there might be some doubt as to the extent of the liability by them assumed, he has therein and thereby enacted, that the undertaking shall in express words provide for the payment of the original judgment, if the judgment of the general term, affirming such judgment, be itself affirmed by the judgment or order of the court of last resort. Section 1332 does not, as the counsel for the appellant argued, declare the effect of the undertaking to be given, but to remove all doubt as to such effect it prescribes the form of the instrument.

Having reached the conclusion that the undertaking of the appellant is defective the remaining question is, shall his counsel have the opportunity to review the order which this opinion indicates must be made? On the question involved in the motion the judge who has heard it entertains no doubt. He knows, however, the fallibility of human judgment and the importance of having all doubt solved upon a point of practice of continual occurrence. As the judgment entered is doubtless secure by actual levy upon personal property, and is also a lien upon real estate, upon stipulating that such levy shall continue and that no effort will, during the pending of the appeal from the order now to be made, be used to remove such lien from the real estate, an opportunity to review will be given by staying its operation until the next general term of this court to be held in the third department, and if the appeal to be taken is then heard then a further stay is granted until the decision of the general term upon such appeal.

As no costs were either asked or given upon the previous motion the present one, which presents one of the points then decided and nothing more, must be granted, with ten dollars costs.