CULLEM, J.
(concurring).—I think it clearly settled, in this state, that a payment by the surety to a creditor does not satisfy the debt; but the debt itself remains outstanding, to be enforced by the surety against all persons from whom he may obtain satisfaction, except those whose ■ equities are paramount to his own. This action can, therefore, be maintained by this plaintiff, not only for the amount still due her on her judgment, but also for the (benefit of the surety on appeal, who has paid her a part of that *696 judgment, provided that the equities of the surety are greater • than those of the bail. Bail, in one sense, are sureties. This is settled by authority. Rathbone v. Warren, 10 Johns. 587. The general rule ¡is that, as between earlier sureties and later sureties whose suretyship has caused a stay of proceedings, the later sureties are primarily liable. So, in Hinckley v. Kreitz, 58 N. Y. 583, it was held that the sureties on an undertaking to the court of appeals were liable to pay the judgment appealed from, as against the sureties on the undertaking to the general term. In Burns v. Bank, 1 Pen. & W. 395, it was held that a surety who gave-bail to obtain a stay of execution on a judgment against the principal was liable, as between him and the sureties on the original obligation of the principal. So, also, in the.case of a joint judgment entered against principal and surety, where another person, became surety to stay execution against the principal, it was held the original surety was entitled to subrogation to .the judgment, and might recover against the surety on the stay. Schnitzel’s Appeal, 49 Pa. St. 23. The ground of this rule is stated by the-court of appeals, in Hinckley v. Kreitz, supra:
“The later surety suffers no injustice in being obliged to do-what he has agreed, and -his equities are subordinate to those of the original surety, because his interposition may have been the-means of involving the first surety in the ultimate liability to PaJ-”
1 . . Under this rule, I am not prepared to say that, in certain cases, bail or other sureties on obligations pending the action may not have superior equities tq those of the subsequent sureties on appeal from final judgment. The undertaking of bail, under subdivision 2, § 575, is that the defendant will deliver the chattel and any sum recovered against him. From that obligation the bail can only be discharged by the satisfaction of the final judgment,, either by themselves or their principal. Any stay obtained by their principal would, therefore, necessarily extend the duration? ¡ of their liability. But other bail, under section 591, can at any! time exonerate themselvrs by a surrender of their principal. The! stay on appeal, obtained by the undertaking, nowise limits or, prevents the exercise of this right. ;
The only case that I can see in which bail might be injured by, the stay would be one where the principal would be inaccessible, ¡ yet might have property from which the bail could realize the" amount of their "liability on the judgment. In Rathbone v. Warren, supra, it was held that an agreement by the creditor that he-would not issue execution against the body of the debtor before a. specified' time discharged the bail from liability; but that decision,; as I understand it, was based on the particular facts of the case,— that by the extension the defendant had been enabled to escape? to a foreign country. It is not authority for the proposition that, an agreement to forbear the issue of process for a specified time, will discharge the bail. I am therefore of opinion that, to relieve the bail from liability to a surety on appeal who has paid the judgment, it is necessary for the bail to show affirmatively, by proof, that they have been damaged by the delay caused by the *697 stay. As no proof to that effect was given on the trial, the defendants were justly held liable.
The judgment appealed from should be affirmed, with costs.