CALLAHAN et al. vs. SALESKI.

JURISDICTION OF CIRCUIT COURT: *To render judgment on supersedeas bond.*

On appeal from a justice of the peace to the circuit court, with super sedeas, the circuit court has jurisdiction to render judgment against the sureties on the appeal bond.

APPEAL from *Pulaski* Circuit Court.

Hon. JOHN WHYTOCK, Circuit Judge.

*U. M. Rose*, for appellant.

*Benjamin & Barnes, contra.*

ENGLISH, C. J. On the 4th of January, 1872, Louis Saleski recovered a judgment against Frank Arbuckle, before a justice of the peace of Pulaski county for $270, debt, etc.

Arbuckle appealed to the circuit court, and executed a supersedeas bond, with A. M. Callahan and Wm. McQueen as sureties, in which they bound themselves to satisfy and perform the judgment that might be rendered on the appeal.

When the case was called for trial in the circuit court, Arbuckle made default, and judgment was rendered against him and his sureties in the appeal bond for the same amount recovered before the magistrate and costs.

Callahan and McQueen prayed and obtained an appeal to this court, and entered into a supersedeas bond, before the clerk, with Jones and Rymal as sureties.

No defense was made by Arbuckle or his sureties in the circuit court, no motion in arrest, or to set aside the judgment, and no question of law reserved by bill of exceptions, or otherwise.

The point, and the only point made for the appellants here, is that the judgment was rendered against them in the court below without notice.

By executing the *supersedeas* bond, the appellants, in legal effect, made themselves parties to the appeal of Arbuckle, their principal, from the judgment of the justice of the peace to the circuit court, and agreed to satisfy and perform the judgment of the court appealed to.

The law required no further notice to them. They had the right to appear in the court to which the appeal was taken, and prevent, if they could, the rendering of a judgment

against their principal or themselves. They had the right, also, to move to set aside the judgment after it was rendered, if there was any good cause for doing so. But they failed to do or offer to do anything in the court below.

They also, in legal effect, agreed when they became the sureties of Arbuckle, in the appeal bond, that if the judgment appealed from should be affirmed, or, on a trial *de novo*, judgment should be rendered against their principal, it should be rendered against them also; for such was the law when the bond was executed, and the law was part of the contract, as we have shown in *White v. Prigmore, ante*, p. 208.

The law authorizing such judgments, on appeals from justices of the peace, has been upon our statute books for many years. Very many judgments have been entered under it, and executed, and we can see no clear and solid grounds on which its unconstitutionality could be placed. Gould's Dig., ch. 99, sec. 197; reënacted substantially, in the act of April 29, 1873. Gantt's Dig., ch. 82, sec. 3839.

The judgment of the court below must be affirmed, with ten per cent. damages, and judgment entered against appellants and their sureties in the *supersedeas* bond executed before the clerk of this court.