JANE A. CHESTER et al., Respondents, *v.* LUCY BRODERICK et al., Executors, etc., Appellants.

B., defendants' testator, became a surety upon an appeal bond given by the mortgagor, to stay proceedings pending an appeal to the General Term from a judgment of foreclosure in an action to foreclose a mortgage. Upon affirmance of the judgment, said mortgagor appealed to this court giving a bond for $9,000, the amount thereof being fixed by the court as prescribed by the Code of Civil Procedure (§ 1331). Upon final affirmance here the mortgaged premises were sold and there resulted a deficiency of over $11,000. The plaintiffs in that action collected the full amount of the second appeal bond. In an action upon the first bond, *held*, that plaintiffs were entitled to recover the balance of the deficiency; that the doctrine of subrogation did not apply; and so, that plaintiffs did not, by collecting the full amount of the second bond, discharge the sureties upon the first.

*Hinckley* v. *Kreitz* (58 N. Y. 583), distinguished.

Reported below, 60 Hun, 562.

(Argued March 21, 1892; decided March 25, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 7, 1891, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee appointed under the statute to determine a claim made by plaintiffs against the estate of Minor T. Broderick, deceased, defendants' testator.

The claim was upon an undertaking executed by said Broderick as surety upon an appeal in an action for the foreclosure of a mortgage.

The facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellants. The respondents by collecting the amount of the second undertaking and thus exhausting the liability of the sureties upon that instrument, who were primarily liable for the debt secured by both undertakings, discharged the sureties upon the first undertaking, since the latter were thereby deprived of the right of subrogation against the sureties on the Court of Appeals bond. (Code Civ. Pro. §§ 1331, 1351; *Hinckley* v. *Kreitz*, 58 N. Y. 583;

1 Story's Eq. Juris. §§ 325, 499; *Kellar* v. *Williams*, 10 Bush. 216; *Chrisman* v. *Jones*, 34 Ark. 73; *Schnitzel's Appeal*, 49 Penn. St. 23; *Burns* v. *II. Bank*, 1 P. & W. 395; *Pott.* v. *Nathans*, 1 W. & S. 155; *Winchester* v. *Bearden*, 10 Humph. 247; *Hanner* v. *Douglass*, 4 Jones' Eq. 262; *Mitchell* v. *Delerth*, 25 Tex. 180; *Daniel* v. *Joyner*, 3 Ired. Eq. 513; *Dent* v. *Wait*, 9 W. Va. 41; *Bender* v. *George*, 92 Penn. St. 36; *Chaffin* v. *Campbell*, 4 Sneed, 184; *Bradenburg* v. *Flynn*, 12 B. Mon. 397; *Wulff* v. *Jay*, L. R. [7 Q. B.] 756, 762; *Becher-vaise* v. *Lewis*, L. R. [7 C. P.] 372, 377; *Griswold* v. *Jackson*, 2 Edw. Ch. 461; *Pitts* v. *Congdon*, 2 N. Y. 352; *Fegley* v. *McDonald*, 89 Penn. St. 128; *Smith* v. *McLoed*, 3 Ired. Ch. 390; *Ruble* v. *Norman*, 7 Bush. 582; *Dillon* v. *Russell*, 5 Neb. 484; *Allen* v. *Henley*, 2 Lea, 141; *Voze* v. *F. R. R. Co.*, 50 N. Y. 369; *Hubbard* v. *Pace*, 34 Ark. 80; *Lafayette County* v. *Hixon*, 69 Mo. 581; *Cordaman* v. *Malone*, 63 Ala. 556; *Chaffee* v. *Taliaferro*, 58 Miss. 544; *Philbrook* v. *McEwin*, 29 Ind. 347; *Guild* v. *Butler*, 127 Mass. 386; *Cullum* v. *Emanuel*, 1 Ala. 23; *Scanland* v. *Settle*, Meigs, 169; *P. S. Society* v. *Imlay*, 23 Conn. 10; *May* v. *White*, 40 Iowa, 246; *Springer* v. *Toothaker*, 43 Maine, 381; *Sherradeen* v. *Parker*, 24 Iowa, 28; *Nelson* v. *Williams*, 2 D. & B. 118.)

*E. F. Babcock* for respondents. The conditions precedent to the bringing of this action have been fully complied with. (Code Civ. Pro. § 1309.) The finding that the sureties upon the General Term bond were not released by the giving of the bond upon appeal to the Court of Appeals, but were still liable for the judgment to the extent of the unpaid deficiency is correct. (Code Civ. Pro. § 1309; *McKellar* v. *Farrell*, 29 N. Y. S. R. 350; *Smith* v. *Faulkner*, 11 Hun, 481; 70 N. Y. 633; *Babbitt* v. *Finn*, 101 U. S. 13.) The defendant is not released by the payment or exhaustion of the bond in the Court of Appeals. (*Travis* v. *Travis*, 122 N. Y. 450; *Wilkes* v. *Harper*, 2 Barb. Ch. 338; Harris on Subrogation, § 252; *Acer* v. *Hotchkiss*, 97 N. Y. 395.)

PECKHAM, J.    The general doctrine of subrogation may be assumed to be correctly stated by the counsel for the appellants, but the doctrine itself has no application to the present case.

The judgment creditor, having obtained the decree of foreclosure, had a right under it to sell the land described in the decree.    The defendants' testator became one of the sureties on the appeal bond given by the judgment debtor to stay proceedings pending the appeal, and. thereupon the right of the creditor to enforce her judgment was temporarily suspended. Upon the affirmance of the judgment by the General Term, the defendant in the judgment took a further appeal to the Court of Appeals, and upon that appeal two other persons became sureties to stay proceedings on the judgment appealed from.    The bonds were given pursuant to section 1331 of the Code, under which the amount is fixed by the court.    In the bond given upon appeal to the General Term that amount was fixed at $7,000, and upon appeal to the Court of Appeals it was fixed at $9,000.    After the final affirmance of the decree for a foreclosure, the land was sold, and there resulted a deficiency of between $11,000 and $12,000.    The plaintiffs, in order to obtain payment of such deficiency, collected from the sureties on the second, or Court of Appeals, bond the full amount thereof, viz., $9,000, and now ask to recover from the sureties on the first, or General Term, bond the balance of the deficiency, being about $2,500, and they have obtained a judg-·ment for that sum, which the defendants seek to reverse on this appeal.

The position of the counsel for the defendants is that the plaintiffs, by collecting the full amount of the bond on appeal to the Court of Appeals, exhausted the liability of the sureties on that instrument, who were primarily liable for the debt secured by both bonds, and the plaintiffs thereby discharged the sureties on the first bond, because such sureties were in that way deprived of the right of subrogation against the sureties on the Court of Appeals bond.    Upon the facts herein, there was no such right of subrogation.

In *Hinckley* v. *Kreitz* (58 N. Y. 583) it was simply held in a case of this kind, where there are two bonds on appeal, one to the General Term and one to the Court of Appeals, and when each contains an agreement to pay the amount directed to be paid by the judgment if affirmed, the primary liability in the event of affirmance rests upon the sureties to the bond on appeal to this court, and that their release by the judgment creditor without payment in full discharges the sureties in the General Term bond. This is no such case. There has been no release, but on the contrary, the sureties on the second bond have paid its full amount to the very last penny. The counsel for the appellant claims that the first sureties were only secondarily liable, and yet upon his doctrine their liability amounts to nothing. The effect of his argument is to deprive the plaintiffs of all benefit of the first bond. If the sureties in the second one are first proceeded against and a full recovery against them to the amount of their bond is obtained, and a deficiency still exists, the sureties in the first bond are not liable according to defendants' argument on the ground above stated. If on the contrary they are first proceeded against and a recovery to the full amount of their bond ($7,000) obtained, they are in that event entitled to be subrogated to the plaintiffs' rights in the second bond to the extent of such payment, and the plaintiffs can have only the balance of $2,000, making the $9,000 of the second bond. In this way the first sureties are in effect completely exonerated, for although they have paid the $7,000 of their bond, yet they are entitled to recover it all back from the sureties on the Court of Appeals bond, leaving only the balance of $2,000 on that bond for the judgment creditor.

Such contention prevents the use of the first bond for the purpose of recovering any part of a deficiency which exceeds the amount of the second. The creditor has simply a double security for $7,000, and the single security of the second bond for $2,000 in addition, being the full amount of the second bond. This is not the real condition of the parties. The creditor has the security of the second bond and the sureties

thereon are primarily liable. But the creditor has also the security of the first bond for the payment of the deficiency if it exceed the amount of the second bond, and, therefore, when such excess in fact exists, no injury is done the first sureties by obtaining the full payment of the second bond, and resorting to them for the balance up to the amount of their own bond. There is in such event no right of subrogation, because the security to which under other circumstances the first sureties might have had the right to resort has been satisfied by the full payment thereof and the application of the proceeds to the payment of the liability for which it was originally executed.

It cannot be said that in enforcing the obligation of the sureties in the second bond, the creditor has done any act which has injured the rights of the sureties in the first bond. The defendants have, therefore, shown no defense to this action, and the judgment must be affirmed, with costs.

All concur.

Judgment affirmed