SHANNON, PLAINTIFF IN ERROR, v. DODGE ET AL., DEFENDANTS IN ERROR.

1. DISMISSAL OF APPEAL.

As a general rule, the dismissal of an appeal to the supreme court operates as an affirmance of the judgment of the trial court; and this rule applies to judgments against sureties on appeal undertakings under the act of 1885, subject to the statutory proviso.

2. JUDGMENT AGAINST SURETIES.

The act of 1885, providing for rendering judgment against sureties upon the undertaking on appeal from county to district courts, is not to be regarded as providing another mode of commencing civil actions; but by executing the undertaking the sureties are deemed to consent that they shall, under the contingencies specified in the

undertaking, be considered parties to the original suit, and liable to judgment for the original cause of action against their principal.

3. SUCCESSIVE APPEALS.

In case of successive appeals of the same cause—as from the county court. to the district court, and thence to the supreme court—the first set of sureties are not released by the mere taking of a second appeal with new bond and new sureties in pursuance of statutory authority existing at the time the first appeal was taken.

*Error to the District Court of Lake County.*

SUIT in equity to enjoin the collection of a judgment. Decree in favor of plaintiffs. Writ of error sued out by defendant.

The following provisions concerning appeals from county to district courts, from the act of 1885, pp. 158–60, are considered in the opinion:

From sec. 2. " In case the judgment be for the payment of money, and against the party appealing, the undertaking shall be in double the amount of the judgment or decree appealed from, conditioned for the prosecution of the appeal, with effect and without delay, and for the payment of all costs, and whatever judgment may be awarded against the party so appealing, on the trial or dismissal of said appeal in the appellate court, and for the payment of the judgment appealed from, in case said appeal shall be dismissed."

From sec. 5. " In all cases where the judgment of the county court is affirmed, or judgment is rendered against the appellant, such judgment shall be rendered and entered as well against the sureties of the appellant upon his undertaking, as against the appellant, and execution shall issue on such judgment, as well against such sureties as against the appellant ; *Provided, further*, That no execution shall issue on such judgment against the sureties, until a writ of scire facias shall issue and be served on such sureties, requiring them to show cause before the court, by a day to be named therein, not less than five days after the service of said writ, why execution should not be issued against them."

Mr. N. ROLLINS, for plaintiff in error.

Mr. A. J. STERLING and Mr. H. P. KRELL, for defendants in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Final judgment was rendered in the district court in favor of Dodge and Walsh, plaintiffs below, perpetually enjoining Margaret A. Shannon, defendant below, from collecting a certain judgment against said plaintiffs. The decree was rendered upon overruling the demurrer to the complaint. The facts stated in the complaint, so far as the same are necessary to an understanding of the opinion, are as follows:

In April, 1887, Margaret A. Shannon obtained a judgment against Warren Mingus and Anna Mingus in the county court of Lake county for $198.50 and costs. From this judgment an appeal was taken to the district court, Dodge and Walsh becoming sureties on the appeal bond or undertaking.

In September, 1887, upon the trial of said appeal, Shannon again succeeded in her suit against Mingus and Mingus, recovering $150 and costs, and thereupon the district court rendered judgment against said Dodge and Walsh jointly with said Mingus and Mingus for the amount so recovered.

From the judgment thus rendered in the district court Mingus and Mingus took an appeal to the supreme court. Dodge and Walsh did not join in the latter appeal. It was a separate appeal by Warren and Anna Mingus with other sureties upon their appeal bond. The appeal to the supreme court was dismissed in March, 1888.

1. As a general rule, the dismissal of an appeal by the supreme court operates as an affirmance of the judgment of the trial court. Code, secs. 397–399. Shannon, therefore, in the absence of any law to the contrary, was entitled to enforce her judgment against Dodge and Walsh, as well as against Mingus and Mingus, subject only to the conditions of the

statute in respect to the issuance of a scire facias. Session Laws 1885, p. 160, sec. 5.

2. Two grounds of objection are urged against the enforcement of the Shannon judgment. In the first place, it is contended that said judgment was illegal as to them, because it was rendered without the bringing of any suit upon the undertaking executed by them as sureties.

The instrument executed by Dodge and Walsh as sureties conformed in all substantial particulars to the requirements of the statute. Sec. 2, act of 1885, *supra*. It is true, the undertaking did not in form provide that judgment should be rendered against them as well as against their principals, but it did provide for the payment of whatever judgment might be rendered against their principals; and, furthermore, the statute in pursuance of which the undertaking was executed expressly provided that in case judgment should be rendered against appellants in the appellate court, such judgment should also be rendered against them as sureties of appellants upon such undertaking. The undertaking being executed in pursuance of the statute and for the purpose of obtaining its benefits, the provisions of the statute are to be considered as part of the undertaking, and construed accordingly.

The provision of the act of 1885, providing for the rendering of judgment against sureties upon the undertaking on appeal, was not repealed by the Code of 1887, either in express terms or by necessary implication. The act of 1885 is not to be regarded as providing another mode of commencing civil actions; it does not provide for introducing a new cause of action into the suit in which the undertaking is given; but the true construction of the statute is that by executing the undertaking the sureties are deemed to consent that they shall, under the contingencies specified in the undertaking, be considered parties to the original suit, and liable to judgment for the original cause of action against their principal. *White v. Prigmore*, 29 Ark. 208; *Callahan et al. v. Saleski*, 29 Ark. 216; *Ex parte Miller*, 1 Yerger, 435; Brandt on Suretyship, sec. 398.

3. Again, it is contended that the taking of the second appeal operated as a release of Dodge and Walsh as sureties. The argument is, that the second appeal suspended the district court judgment, and that Dodge and Walsh were thereby precluded during the pendency of such appeal from exercising their rights as sureties to protect themselves against their principals; that they should, at all times, have enjoyed the right of paying said judgment and thereafter enforcing the same against Mingus and Mingus.

Where there have been successive appeals in the same case with different appeal bonds and different sureties, the decisions have not been uniform as to which set of sureties are bound. It has been held that the latter sureties are primarily liable, and that a secondary liability only rests upon the first sureties. *Chester v. Broderick*, 131 N. Y. 549.

In the present case there were two appeals, but the first appeal bond or undertaking was merged in the judgment rendered by the district court before the second appeal bond was executed. As the judgment against Dodge and Walsh was valid when it was rendered, it would seem idle to contend that it became invalid in consequence of proceedings in the supreme court resulting in its affirmance. Considering the case as though no judgment had been rendered upon the first appeal bond, the better reason would seem to be with those authorities which hold that the first set of sureties are not released by the mere taking of a second appeal with new bond and new sureties.

It is true, while the appeal to the supreme court was pending, the privileges of Dodge and Walsh were temporarily suspended in respect to the district court judgment,—that is, they could not, during that time, exercise the privilege of payment and subrogation; but this suspension was not occasioned by any fault or act of the obligee in the bond which they had signed. The taking of the second appeal was the act of Mingus and Mingus, and not the act of Shannon; it was the act of the principals of Dodge and Walsh in the first appeal bond or undertaking. Shannon was powerless to

prevent the second appeal; and it does not appear that she could have sooner dismissed it. The appeal to the supreme court was in pursuance of statutory authority *existing at the time* Dodge and Walsh signed the first appeal undertaking. They must, therefore, be held to have anticipated, or at least to have known, that such an appeal might be taken when they signed the first undertaking. Having knowingly and voluntarily placed themselves in this position, they must bear the consequences. *Rockwell v. District Court*, 17 Colo. 118; *Robinson v. Plimpton*, 25 N. Y. 484; *Evers v. Sager*, 28 Mich. 47; *Ashby v. Sharp*, 1 Littell (Ky.) 156; *Marquette County v. Ward*, 50 Mich. 174; *State v. Bradshaw*, 10 Ired. (N. C.) 229; Brandt on Suretyship, sec. 397; Murfree on Official Bonds, sec. 81.

It is said that the contract of a surety is *strictissimi juris*. The saying is liable to abuse in its application. Considering the situation of the obligee in an appeal bond, it would seem that his rights should be regarded equally with those of the surety. An appeal bond may be executed and approved and thus accepted for the judgment creditor without his consent or knowledge; and thereby the enforcement of his judgment is stayed. It is the act of the surety which enables the judgment debtor to accomplish such result. The surety having thus prejudiced the judgment creditor, and having thus obtained for his principal, the judgment debtor, the benefit of an appeal, should not, upon the breach of the condition of the bond, be allowed to escape liability except for the most substantial reason. Certainly, the mere taking of another appeal under statutory authority without the consent of the obligee should not absolve the surety.

The demurrer to the complaint should have been sustained. The judgment of the district court is reversed.

　　　　　　　　　　　　　　　　　　　　*Reversed.*