ELIZABETH A. CULLIFORD, Respondent, *v.* THEODORE C. WALSER and PETER McHUGH, Appellants.

1. SURETIES IN LEGAL PROCEEDINGS — ORDER OF LIABILITY. As between different sets of sureties who undertake to secure the same debt, although in different stages of legal proceedings, the primary liability rests upon the last set.

2. BAIL ARE SURETIES. Bail upon a discharge from an order of arrest are sureties, within the above rule.

3. SATISFACTION OF JUDGMENT THROUGH SURETIES. Where, in an action resulting in judgment for the plaintiff successively affirmed, bail has been given upon discharge of the defendant from an order of arrest and undertakings have been given upon his appeals to the General Term and to the Court of Appeals, if the plaintiff collects from the General Term sureties the whole amount due him, except on the judgment for costs in the Court of Appeals, he cannot thereafter recover from the bail, either for his own benefit or that of a General Term surety, anything more than the amount due on the judgment for costs in the Court of Appeals, and not even that if he has released the Court of Appeals sureties.

4. RIGHT OF REIMBURSEMENT AMONG SURETIES. If, under the above circumstances, the plaintiff recovers the amount of the judgment for costs in the Court of Appeals from the order of arrest bail, the latter will have the right of reimbursement from the Court of Appeals sureties.

*Culliford* v. *Walser*, 3 App. Div. 266, reversed.

(Argued December 15, 1898; decided January 10, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 13, 1896, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Circuit, a jury having been waived.

This action was brought for the recovery of the sum of $1,000, with interest, upon an undertaking given by defendants as bail to discharge one Montgomery Gadd from arrest in an action instituted against him by this plaintiff.

The facts, so far as material, are stated in the opinion.

*John A. Grow* for appellants. The primary liability rests upon the later sureties. (*Burns* v. *Huntington Bank,* 1

9

Penn. 395; *Pott* v. *Nathan,* 1 W. & S. 155; *Schnitzel's Appeal,* 49 Penn. St. 23; *McCormick* v. *Irwine,* 35 Penn. St. 111; *Armstrong's Appeal,* 5 W. & S. 352; *Brandenburg* v. *Flynn,* 12 B. Mon. 397; Story's Eq. Juris. § 499a; *Chester* v. *Broderick,* 131 N. Y. 549.) Bail are sureties. The relative situation of debtor and bail is that of principal and surety, and the rules of law growing out of that relation are applied to the discharge of bail. (*Millville* v. *Glendenning,* 7 Taunt. 126; *Toles* v. *Adee,* 84 N. Y. 222; *Rathbone* v. *Warren,* 10 Johns. 587; Dunlap's Prac. 214; *Livingston* v. *Bartles,* 4 Johns. 478; *Hinkley* v. *Kreitz,* 58 N. Y. 583; *Pott* v. *Nathan,* 1 W. & S. 155; *McCormick* v. *Irwine,* 35 Penn. St. 111; *Harnburger* v. *Yancey,* 33 Gratt. 527; *Havens* v. *Foundry,* 4 Metc. [Ky.] 247.)

*F. Spiegelberg* and *S. L. Wolff* for respondent. The appellants cannot invoke the rule that as between successive sureties the prior sureties, in case of payment, have a remedy over against the subsequent sureties. (*Pott* v. *Nathan,* 1 W. & S. 155; *Rosenbaum* v. *Goodman,* 78 Va. 121; *Gregory* v. *Levy,* 12 Barb. 610; *Metcalf* v. *Stryker,* 31 N. Y. 255; *Levy* v. *Nicholas,* 19 Abb. Pr. 282; *Appleby* v. *Robinson,* 44 Barb. 320.) The foundation of the bail's liability is different from that of sureties on appeal. (Code Civ. Pro. § 575; *Craythorne* v. *Swinburne,* 14 Ves. 160; *Clason* v. *Morris,* 10 Johns. 524; *Lewis* v. *Palmer,* 28 N. Y. 271; Baylies on Sureties, 358; *Parsons* v. *Briddock,* 2 Vern. 608; *Wright* v. *Morley,* 11 Ves. 22.) Assuming that the rule making subsequent sureties liable to prior sureties applies to bail, the facts in this case do not entitle the appellants to the benefit thereof. (*Chester* v. *Broderick,* 131 N. Y. 552.)

PARKER, Ch. J. The facts, so far as they need be stated in order to present the point we are to decide, are as follows: Culliford, this plaintiff, in a civil action against Gadd, obtained an order of arrest; to secure the latter's discharge therefrom Walser and McHugh (these defendants) became bail in the

sum of one thousand dollars that Gadd would at all times render himself amenable to the process of the court during the pendency of the action and to any mandate issued to enforce the final judgment against him; the result of the action was a judgment in favor of the plaintiff in the sum of $1,338.90 ; from such judgment an appeal was taken to the General Term, upon which an undertaking was given for the purpose of staying the judgment with Ellis and Wands as sureties, whereby they agreed to pay the amount of such judgment and costs in case of the affirmance thereof; the General Term affirmed the judgment, with costs, and thereafter executions were duly issued on the judgment against Gadd to the sheriff, and by him returned unsatisfied ; Culliford then commenced an action against Ellis and Wands as sureties upon the undertaking given on appeal to the General Term ; the day following the commencement of such action an appeal to the Court of Appeals was perfected, upon which an undertaking was given by Gadd, with two sureties, to pay the judgment and costs in the event of an affirmance; notwithstanding this appeal judgment was taken by default in the action brought against Ellis and Wands on the undertaking given upon the appeal to the General Term, and an execution was thereafter issued thereon to the sheriff, who levied upon the real property of Ellis situated within the county. Ellis then paid to this plaintiff, Culliford, a sum equal to the amount of the judgment recovered against him, an arrangement being made between them that Culliford should commence an action in her own name, partly for her benefit, but mainly for the benefit of Ellis, against these defendants, the bail of Gadd, and that she should account to Ellis for all moneys received by her in such action for his benefit; hence this action, which has resulted in a judgment at the Trial Term in favor of the plaintiff, in the penal sum of the bond, with interest and costs and an affirmance by the General Term.

The plaintiff was entitled to but one satisfaction ; she could have collected the entire amount of the judgment from the

sureties on appeal to the Court of Appeals, or from the sureties on the appeal to the General Term, with the exception of the judgment for costs entered in the Court of Appeals, which she might have recovered from the sureties on the bond given to perfect the appeal to that court, or she could have recovered the sum of one thousand dollars from the bail, these defendants, on their failure to cause Gadd to render himself amenable to the mandate which the plaintiff caused to be issued against him to enforce final judgment. The plaintiff chose to proceed against Ellis and Wands, the sureties on the General Term judgment, and she has received from Ellis all that is her due, except on the judgment for costs in the Court of Appeals. At the time of the commencement of this action, therefore, the only sum that she was personally entitled to recover against these defendants was the sum due on the judgment for costs in the Court of Appeals, which, at the time of the entry thereof, was $110.34. She has been allowed to recover, however, a judgment in the penal sum of the bond, for the benefit of Ellis, who claims that the primary liability rests upon the bail, and, hence, that he is entitled to all the rights that this plaintiff had as against them when she elected to prosecute Ellis and Wands on their undertaking.

These defendants challenge the position taken by the plaintiff and Ellis, and insist that, as between the several sets of sureties, the sureties upon the appeal to the Court of Appeals were primarily liable, the sureties upon the undertaking to the General Term were secondarily liable, and these defendants were liable last of all. So if the plaintiff had elected to collect of these defendants in the first instance, they would have been entitled to be reimbursed by the sureties on the bond upon the appeal to the Court of Appeals, and if a sufficient amount could not have been collected from them, then the defendants could have resorted to the sureties on the bond upon the appeal to the General Term for the sum remaining unpaid.

In *Hinckley* v. *Kreitz* (58 N. Y. 583) this court held that, as between the two sets of sureties upon appeals to the Gen-

eral Term and to the Court of Appeals, the primary liability rests upon sureties on appeals to the latter court. In that case a judgment creditor released the sureties upon appeal to the Court of Appeals, and attempted to collect from the General Term sureties the amount of the judgment and costs, but the court held that the effect of the release of the sureties upon the appeal to the Court of Appeals was to discharge all liability upon the part of the General Term sureties upon the undertaking which they had given to pay the judgment. In the course of the opinion the court said : " We think, upon principle and authority, that the later sureties are primarily liable as between them and the first sureties, and it follows that the release of such later sureties by the creditor discharging the defendants, because it deprived them of a remedy over to which they would otherwise have been entitled." That case has been recognized by the profession as establishing the rule which fixes the liability of different sets of sureties as against each other, and it has not, so far as we have observed, been departed from.

In *Chester* v. *Broderick* (131 N. Y. 549) an appeal was taken to the General Term from a judgment of foreclosure and sale, the amount of the bond to stay execution of the judgment on appeal being fixed at seven thousand dollars. The judgment was affirmed, and on appeal to the Court of Appeals the amount of the bond was fixed at nine thousand dollars. The decree was affirmed in this court and a sale of the property had, which resulted in a deficiency of between eleven and twelve thousand dollars. Thereupon the plaintiffs collected from the sureties on the second or Court of Appeals bond the full amount thereof, and then brought action against the sureties on the first or General Term bond for the deficiency, which was about twenty-five hundred dollars. The defense interposed was that, by collecting the full amount of the bond on appeal to the Court of Appeals, the plaintiffs had exhausted the liability of the sureties who were primarily liable for the debts secured by both bonds, and thereby the sureties on the first bond were discharged. But this position was

held by this court not well taken, and the recovery had was sustained.

The rule then being settled that, as between different sets of sureties who undertake to secure the same debt, although in different stages of legal proceedings, the primary liability rests upon the last set, the inquiry next in order is whether bail are sureties and, therefore, within the same rule.

In *Rathbone* v. *Warren* (10 Johnson, 586), after judgment had gone against the principal in a bail bond, his creditor agreed with him not to issue the execution for several months, and it was held that the agreement operated to discharge the bail, who are by act and operation of law sureties and entitled to the benefit of the general principles relative to sureties. In that case, as in this, an effort was made to convince the court that bail should not be so regarded, and Mr. A. Van Vechten, the attorney-general, insisted that the respondent did not stand precisely in the light of a surety, and he advanced, among other arguments, the proposition that the bail could exonerate himself from liability at any time by surrendering his principal, while in cases of suretyship generally the surety has not the power to relieve himself; but the court held otherwise.

In *Melvill* v. *Glendining* (7 Taunt. 126) the bail asked the court to be discharged because, as he claimed, the creditor had, for a consideration, extended the time of the principal, and the court asserted as applicable to that case the doctrine that where a creditor gives time to the original debtor, the sureties will be discharged, and stated that the principle underlying it was that every surety has the right to come into equity and sue in the name of the original creditor, which he cannot do effectively if the creditor gives time to the original debtor.

In *Toles* v. *Adee* (84 N. Y. 222–238) the court, having under consideration a bond accepted by the sheriff in discharge of the defendant from arrest in a civil action, said: "Bail are sureties with the rights and remedies of sureties in other cases."

If authority then be needed to establish that bail are sureties,

and entitled to the benefit of the general principles applicable to the relation which they bear towards their principal and his creditor, as well as towards other sets of sureties, it is at hand in this state, and thus they are brought necessarily within the rule laid down in *Hinckley* v. *Kreitz* (*supra*), and it is well that it is so, for the sake of uniformity and the necessary avoidance of confusion incident to divergent rules in corresponding relations.    No good reason has been presented why bail should constitute an exception to the general rule.    An attempt has been made to lay hold of the argument made by the court in support of the rule established in *Hinckley's* case, to sustain the claim that the rule should not apply to bail, because some of the reasoning that led to its adoption is not applicable. Frequent attempts of this character are made to break down rules established by the courts for the guidance of the profession and the public, but they should not be allowed to succeed unless a substantial reason exists for the creation of an exception, and no such reason exists in this case.    Moreover, an examination of the authorities considered in that case make it apparent that the court was attempting to ascertain and establish the true rule as to the primary liability of sureties where more than one set is obligated to pay the same debt. Among the cases cited with approval in support of the rule laid down by that case, in so far at least as it treats of the superior obligation between two sets of sureties to pay a debt, was *Parsons* v. *Briddock* (2 Vern. 608).

Where the principal in a bond, upon which were sureties, was sued and arrested and then gave bail, the sureties in the original bond having been sued and paid the judgment, it was decreed that they were entitled to an assignment of the judgment against the bail to secure reimbursement for what they had paid.

The court next considered certain Pennsylvania cases which arose under a suit authorizing a stay of execution for a year upon giving security, it being there held that the surety for the original debt upon payment was entitled to the remedy of the creditor against the surety upon the stay. (*Burns* v.

*Huntingdon Bank,* 1 Penn. 395 ; *Pott* v. *Nathans,* 1 W. & S. 155 ; *Schnitzel's Appeal,* 49 Penn. St. 23.)

Without further referring to the authorities considered by the learned judge who wrote the opinion of the court, we observe that he was without direct authority establishing the primary liability as between two sets of sureties who have promised to pay the same judgment, one set on one stay on an appeal to the General Term and the other on another stay on an appeal to the Court of Appeals. He, therefore, presented some of the authorities bearing upon the general subject affecting the question of primary liability as between different sets of sureties, to the end that the rule should be clearly pointed out, as well as applied to the case in hand, thus preventing future legal controversy by making it possible for would-be sureties to be correctly advised of the character of their liability as between themselves and prior sureties.

This plaintiff, therefore, is not entitled to a recovery against these defendants for anything more than the amount due on the judgment for costs in the Court of Appeals, and not even to that if she has released the sureties on the Court of Appeals bond, as these defendants claim. So far as we are advised by the present record, we are inclined to the view that this claim is not well founded, though we refrain from passing upon it, as additional facts may perhaps be presented upon a new trial; but if the amount of the judgment for costs in the Court of Appeals shall in this action be recovered of these defendants, they in turn will have the right to reimbursement from the sureties on appeal to the Court of Appeals.

The judgment should be reversed and a new trial granted to the defendants, with costs in this court and the court below.

All concur, except GRAY and MARTIN, JJ., absent.

Judgment reversed, etc.