CRAIG v. COLLIER.

Opinion delivered November 13, 1922.

FORCIBLE AND UNLAWFUL DETAINER—LIABILITY ON RETAINING BOND.— Where, in an action of unlawful detainer, a retaining bond was executed under Crawford & Moses' Dig., § 4847, the court had jurisdiction, under § 4854, to render judgment against the surety at a term subsequent to that at which judgment was entered against the principal.

Appeal from Prairie Chancery Court, Northern District; *John M. Elliott,* Chancellor; reversed.

*Brundidge & Neelly,* for appellant.

By executing the bond, the sureties became parties to the suit, and notice to them before judgment was not necessary. 29 Ark. 208; 29 Ark. 216.

*Emmet Vaughan,* for appellee.

Where judgment is obtained against one or more of several persons jointly bound, it is a bar to an action against the other obligators. 95 U. S. 347; 99 U. S. 35; 2 McLean 168; 6 Wall. 231; 4 Ala. 282; 80 N. E. 92; 82 Ill. 84; 95 N. W. 681; 2 N. H. 448; 76 Atl. 344; 4 N. W. 774; 136 Pac. 826; 48 Wis. 477; 23 Cyc. 1208.

WOOD, J. This action was begun in the northern district of the Prairie Circuit Court by the appellant against the appellee in unlawful detainer, under secs. 4842-4847, Crawford & Moses' Digest. The appellee Collier executed a bond under the latter section to retain possession of the premises. The cause was transferred to the chancery court, where it proceeded to a decree in favor of the appellant against the appellee Collier on

April 20, 1920, for the possession of the land and the sum of $400, two years' rent found by the chancellor to be due at that time. The court retained control of the cause for such further orders "as may be proper to enforce the rights of the parties hereto as herein adjudged." By oversight of the attorneys of appellant, decree was not asked or rendered at that term of the court against the appellee, Irwin, who was surety on appellee Collier's bond. The cause was appealed by the appellee Collier to the Supreme Court, where the decree of the lower court was affirmed.

The appellee Collier was insolvent. On the 17th day of February, 1921, the appellant gave notice to the appellees that she would move for judgment against the appellee Irwin as surety on the bond for the rents which had accrued at the time the decree was rendered, and also for the sum of $200 rents which had accrued during the pendency of the cause in the Supreme Court, making a total sum of $600, for which the appellant asked judgment.

At the April term of the chancery court, in pursuance of the notice, the appellant moved the court for judgment against the appellee Collier, the principal, and appellee Irwin, the surety on his bond, in the sum of $600, rent then claimed to be due. The appellee Irwin demurred to the motion on the ground that the court had no jurisdiction to grant the relief asked for. The court sustained the demurrer and dismissed the appellant's motion. The appellant stood on her motion, and prosecutes this appeal.

Under the provisions of the bond the appellee Irwin bound himself to pay such judgment as might be rendered in favor of the appellant against the appellee Collier, his principal in the bond. Sec. 4847, C. & M. Digest. Sec. 4854, C. & M. Digest, provides in part as follows: "In all cases where judgment is rendered either against the plaintiff or defendant for any amount of recovery, damages or costs, judgment shall also be rendered against his sureties in the bond given under the provi-

sions of this act." The effect of the filing of the bond under the statute was to make the appellee Irwin a party to the action. *Fletcher* v. *Menken,* 37 Ark. 206; *White* v. *Prigmore,* 29 Ark. 208; *Callahan* v. *Saleski,* 29 Ark. 216. The liability of the appellee Irwin was not that of a joint contractual obligation or liability on a joint obligation of any kind. His liability was simply that of a surety bound by the debt of his principal, under the statute, and the fact that judgment was rendered against the principal at a previous term of the court and not against the surety does not bar the present action by summary motion against the appellee Irwin, the surety. His is a statutory obligation to satisfy the judgment rendered against his principal.

The doctrine that a judgment taken against one only of several joint contractors merges the entire cause of action in the judgment and bars any subsequent suit on the same obligation against any of the other joint debtors or obligors has no application to the facts of this record. Hence the authorities upon which the learned counsel for appellee relies in his brief are not in point. Moreover, see secs. 6229-31, C. & M. Digest; *Kissire* v. *Plunkett-Jarrell Grocery Co.,* 103 Ark. 473-84. The liability of the appellee Irwin on his bond under the statute was not merged in the decree rendered against the appellee Collier, the principal, at a former term of the chancery court. Irwin's liability commenced when that decree was rendered, and the action against him is not barred because of the failure of the court, through its own oversight or the oversight of the attorneys, to render a judgment against him at the same term of the court when judgment was rendered against his principal. The statute, as we have seen, expressly provides that, where judgment is rendered against the defendant who gives a retainer's bond in an action of unlawful detainer, judgment shall also be rendered against all sureties on his bond. To be sure, the proper time to render judgment against the surety is when the judgment is rendered against the

principal, but if, by oversight of court or counsel, it is not done, the court does not *ipso facto* lose jurisdiction of the cause of action on the bond against the surety. Where judgment has been rendered against the principal on a retainer's bond and the term has expired without also taking judgment against the surety, the court has not lost its jurisdiction to render judgment against the surety on the bond for the satisfaction of the judgment previously rendered against the principal. The court, under the statute, could during the term render judgment on its own motion and without notice. But, after the lapse of the term, the judgment being a summary one and especially authorized by the statute, the statutory requirements for such proceedings should be strictly pursued. This was done in this case. See sections 6250-6254, C. & M. Digest; *Cooley* v. *Lovell,* 95 Ark. 567; *Milor* v. *Farrelly,* 25 Ark. 353.

The demurrer admits the facts set forth in the motion for a summary judgment, which show that the statutory prerequisites for obtaining such judgment were fully met. Since the appellee Irwin is only liable on his bond to satisfy the judgment rendered against his principal, decree can only be rendered for the amount of that judgment, which was the sum of $400. The decree is therefore reversed, and the cause remanded, with directions to enter a decree in favor of the appellant against the appellee Irwin in the sum of $400, with interest at the rate of 6 per cent. from April 20, 1920.