HYMAN KATZ et al., Respondents, *v.* HARRY B. MENDEL-
SOHN et al., Defendants, and NATIONAL SURETY COM-
PANY et al., Appellants.

(Argued October 20, 1932; decided January 10, 1933.)

*Adam K. Stricker* for National Surety Company, appellant. A surety who pays the principal's debt becomes subrogated in law to all the rights and remedies of the creditor for the collection of the debt, against any one who is liable therefor. (*National Surety Co.* v. *National City Bank*, 184 App. Div. 771; *Mathews* v. *Aikin*, 1 N. Y. 595; *Townsend* v. *Whitney*, 75 N. Y. 425; *Pittsburgh-Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137; *Fidelity & Deposit Co.* v. *Queens County Trust Co.*, 226 N. Y. 225; *Assets Realization Co.* v. *Mercantile Nat. Bank*, 167 App. Div. 757; *Matter of Garfunkel*, 8 Fed. Rep. [2d] 790; *Sobel* v. *Engels*, 188 N. Y. Supp. 436; *Niagara County Bank & Trust Co.* v. *LaPort*, 233 App. Div. 501.) Defendant Mendelsohn had the right, notwithstanding the fact that he held the bond of the surety company, to issue execution on his deficiency judgment against the plaintiffs herein. The bond was for his protection and security, not theirs. (*Townsend* v. *Whitney*, 75 N. Y. 425.)

*Harry A. Yurdin* for Frances Jelinek, appellant.

*Irving Lemov* for respondents. The equities of plaintiffs are superior to those of the defendants-appellants, and the equitable privilege of subrogation cannot be invoked in behalf of the latter. (*Bell* v. *Greenwood*, 229 App. Div. 550; *Pittsburgh-Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137; *Schreyer* v. *Saunders*, 39 App. Div. 8.) Plaintiffs' obligation on their collateral bond has been discharged through payment by the principal debtor. (*Arnold* v. *Greene*, 160 N. Y. 566; *Pease* v. *Egan*, 131 N. Y. 262; *Schreyer* v. *Saunders*, 39 App. Div. 8.)

HUBBS, J. This action was instituted to require the defendant Frances Jelinek to execute and deliver to the plaintiffs a satisfaction of a deficiency judgment against the plaintiffs and to enjoin and restrain all of the defendants from enforcing that judgment against them.

On September 15th, 1927, the plaintiff Goldie Katz was the owner of an apartment house. On that day she conveyed the same to a corporation known as Sorice Operating Company, Inc., and as security for the payment of a part of the purchase price she received from the corporation and one Antonio Sorice a second mortgage for $20,000 on the premises conveyed. On August 2d, 1928, Goldie Katz sold and assigned that bond and mortgage to Harry B. Mendelsohn and, as collateral thereto, Goldie Katz and her husband, Hyman Katz, plaintiffs in this action, executed and delivered to Mendelsohn a collateral bond in the sum of $20,000. Such collateral bond provided that it was given as " collateral " and " as further and additional security."

Thereafter, on January 15, 1929, Sorice Operating Company, Inc., conveyed the mortgaged premises to the defendant Assunta Sorice by deed. *She did not assume the payment of the mortgage then held by Mendelsohn as assignee.* Therefore, at that time, Assunta Sorice was the owner of the property subject to the second mortgage, *but had not assumed and agreed to pay it.*

The defendant Mendelsohn was the owner of the bond and mortgage and held as collateral thereto the bond of the plaintiffs, Hyman and Goldie Katz. On September 15, 1929, he commenced an action to foreclose the mortgage. He made the plaintiffs, Hyman and Goldie Katz, parties defendants and prayed for a personal judgment in case of a deficiency on their collateral bond. In that action Mendelsohn secured the appointment of a receiver. The receiver duly qualified and thereafter the owner of the equity of redemption, Assunta Sorice, *who was not liable personally for the mortgage debt,* made an application to the Supreme Court for an order vacating the receivership and an order was made in accordance with that application upon the condition that the owner of the equity of redemption, Assunta Sorice, file a surety bond in the sum of $12,000, conditioned upon the said Assunta Sorice pay-

ing any judgment recovered in favor of the plaintiff Mendelsohn against any of the defendants in said action to foreclose the mortgage.

The bond given by Assunta Sorice, as principal, and National Surety Company (appellant herein), as surety, unto Harry B. Mendelsohn, plaintiff in the foreclosure action, recites that whereas the order directed that the receivership be vacated upon the defendant Assunta Sorice filing a surety bond in the sum of $12,000 to *secure any judgment* which may be entered in said action, " now therefore, the condition of this obligation is such that in the event that a judgment is entered against any of the defendants in said action, then this obligation is to remain in full force and effect, otherwise it is to be considered void."

The bond having been filed, the foreclosure action proceeded to judgment and resulted in a deficiency judgment in favor of Mendelsohn and against Antonio Sorice, Sorice Operating Company, Inc., and Goldie Katz and Hyman Katz, the plaintiffs herein, in the sum of $6,969.28. The deficiency judgment as against Hyman Katz and Goldie Katz was granted by virtue of the collateral bond given by them to Mendelsohn. The National Surety Company gave its check to Mendelsohn, the plaintiff in the foreclosure action, in the sum of $6,984.38, the amount of the deficiency judgment plus interest. The check recited that it was in full payment, satisfaction, release and discharge of all of its liabilities under the aforesaid bond as surety and for an assignment of said deficiency judgment together with the interest thereon. Mendelsohn, upon receipt of the check, executed and delivered to the National Surety Company an assignment of said judgment. The surety company assigned the deficiency judgment to the defendant Frances Jelinek, as nominee of the National Surety Company, the proceeds upon collection to be held in trust for the National Surety Company.

Jelinek caused an execution to be issued against Hyman

Katz and Goldie Katz which was returned wholly unsatisfied and thereafter an order was made in supplementary proceedings requiring Hyman Katz to appear and be examined concerning his property. Thereupon, Hyman Katz and Goldie Katz brought this action against the National Surety Company, Jelinek, Mendelsohn and Assunta Sorice to require Jelinek to deliver to them a satisfaction of the judgment and to enjoin all of the defendants from proceeding to collect it.

The defendant Sorice was not personally liable to the holder of the mortgage although she was the record owner of the property. By giving the surety bond she assumed the payment of the mortgage debt and the National Surety Company became her surety. When her surety paid the amount which she became liable under the surety bond to pay, it became entitled to subrogation as to any claim against the defendant Sorice only. The only claim which the holder of the mortgage had against the defendant Sorice was upon the surety bond in question. She was not otherwise liable. She assumed the liability to pay the deficiency judgment for the purpose of getting the rents from the mortgaged property and when she paid the deficiency judgment or caused it to be paid by her surety, she was only fulfilling an obligation which she assumed upon a valuable consideration.

The plaintiffs' agreement was only to indemnify Mendelsohn against loss on the mortgage. Their liability was to cease upon payment of the amount due. That event has occurred. To extend the right of subrogation as against the plaintiffs in this action would be to give to the defendant Sorice a right which she would not have had had she paid the mortgage debt prior to foreclosure and would allow her to charge the plaintiffs herein with an obligation which, for a valuable consideration, she contracted to pay when she executed the surety bond for the purpose of having the receiver discharged so that she could collect the rents.

There is no evidence as to the amount of rent received by Assunta Sorice and there is, therefore, no evidence as to the extent of the consideration received by the defendant Sorice for the execution of the surety bond. We must, therefore, assume that the consideration was ample.

The principle of law governing the determination in this case is clearly stated in Brandt on Suretyship and Guaranty [1st ed.], section 227, page 319: "A surety who becomes bound for a debt during the course of legal proceedings against the principal for the collection of the same, is not a cosurety with the original surety for the debt, nor entitled to contribution from him, and if such original surety afterwards has to pay the debt, he is entitled to subrogation to the creditor's rights against such subsequent surety, and may collect the whole amount that he has paid from such subsequent surety." (Cf. *Hinckley* v. *Kreitz*, 58 N. Y. 583, 590; *Barnes* v. *Mott*, 64 N. Y. 397; *Wronkow* v. *Oakley*, 133 N. Y. 505; *Culliford* v. *Walser*, 158 N. Y. 65; *Fidelity & Deposit Co.* v. *Bowen*, 123 Iowa, 356; *Southwestern Surety Ins. Co.* v. *King*, 68 Okla. 100.)

The Sorice Operating Company, the mortgagor which executed the bond and mortgage, was the principal debtor. The plaintiffs who executed the collateral bond agreement upon the sale and assignment of that bond and mortgage to Mendelsohn occupied the relation of sureties. When the defendant National Surety Company, during the pendency of the foreclosure action to collect the principal debt secured by the bond and mortgage, executed as surety the bond given to secure the discharge of the receiver, it did not become a co-surety with the plaintiffs for the principal debt or entitled to contribution from them.

Assunta Sorice only became personally liable when she voluntarily assumed liability for a valuable consideration as principal on the bond executed by the National Surety Company to secure the discharge of the receiver. The

consideration for her liability was entirely separate and apart from the mortgage debt and likewise entirely separate and apart from the consideration for the Katz collateral bond. Her obligation and that of the surety company was a new obligation although it happened to be an obligation to pay the same debt which the Katz bond was given to secure.

The principal for the mortgage debt and on the surety bond are different. On the first, the Sorice Operating Company, Inc., and Antonio Sorice are principals. On the second, Assunta Sorice is principal. Under those facts, the surety of the second principal upon payment cannot be subrogated to the rights of the creditor of the first principal.

The fact that there existed an outstanding collateral obligation on the part of the plaintiffs to pay the debt of the Sorice Operating Company, Inc., does not constitute a consideration for this new independent contract by Assunta Sorice and the National Surety Company to pay it. There is no evidence to the effect that the plaintiffs knew of or requested that the second bond should be executed. The presumption is to the contrary, as the execution and delivery of the second bond and the discharge of the receiver as a result of its execution and delivery deprived the plaintiffs of the valuable right to have the rents applied by the receiver in reduction of the mortgage debt, thereby reducing their liability.

For the same reason, it cannot be successfully urged that the execution and delivery of the second bond was for their benefit.

Assunta Sorice and the National Surety Company secured the discharge of the receiver by voluntarily executing the second bond. The plaintiffs were injured by their act as it prevented the application of the rents to the reduction of the mortgage debt. No injustice is done to the surety company in being obliged to pay what it agreed to pay, without the right of subrogation against the plaintiffs, who had no relation to the second bond.

It is true that the receiver was appointed for the benefit of the plaintiff in the foreclosure action. Nevertheless, the plaintiffs herein being parties defendants in that action in which a personal judgment was sought against them for any deficiency had an interest in the receivership.

The judgment should be affirmed, with costs.

CRANE, J. (dissenting). On September 15, 1927, Goldie Katz was the owner of certain property in the borough and county of Queens, New York city, consisting of a six-story brick apartment house, having a total of fifty-three apartments, and a rental income of about $30,000 per year. She conveyed the premises to the Sorice Operating Company, Inc., taking back a purchase-money mortgage in the sum of $20,000, to secure a bond in like amount. In August of 1928 Goldie Katz desired to sell this mortgage to Harry B. Mendelsohn, who refused to take it without further and additional security. The bond and mortgage were in and of themselves insufficient security in his opinion for $20,000. Thereupon, Goldie Katz and Hyman Katz executed their bond to the said Harry B. Mendelsohn as further and additional security, and transferred and assigned to him the bond and mortgage. Mendelsohn then held a bond and mortgage of the Sorice Operating Company, Inc., for $20,000, and the bond of Hyman Katz and Goldie Katz as additional security. This latter bond, dated the 2d day of August, 1928, recites the bond and mortgage of the Sorice Operating Company, Inc., for $20,000, and states:

" WHEREAS, the said Harry B. Mendelsohn has refused to accept an assignment of said lien and accept said bond and mortgage without further and additional security; and

" WHEREAS, as such additional security for the said sum of money, the undersigned, Goldie Katz and Hyman Katz, have agreed to execute a bond collateral to the bond above mentioned,

"*Now, Therefore,* We, Hyman Katz and Goldie Katz, * * * are held and firmly bound, jointly and severally unto the said Harry B. Mendelsohn in the sum of $20,000.00."

The condition of the bond is that the Sorice Operating Company, Inc., its successors or assigns, shall pay to Harry B. Mendelsohn the sum of $20,000, according to the terms of the bond and mortgage recited.

In January of 1929 the Sorice Operating Company, Inc., conveyed the mortgaged premises to the defendant Assunta Sorice by deed duly recorded. In September of the same year she, as owner of the equity of redemption, defaulted in the payment of an installment of principal of $10,000 and accrued interest, and the mortgagee, Harry B. Mendelsohn, commenced foreclosure action in the Supreme Court. By the terms of the mortgage the holder was entitled to the appointment of a receiver of the rents and profits in any action to foreclose said mortgage. Thereupon, on the application of Mendelsohn, the court appointed one Otto M. Gabler a receiver of these rents and profits in behalf of and for the benefit of the said mortgagee or holder of the mortgage. To this foreclosure action Hyman and Goldie Katz were parties as well as the mortgagor and its grantee, Assunta Sorice. The collection of rents, pending foreclosure, was an important part of the mortgage security, and the appointment of the receiver for this purpose was pursuant to the terms of the mortgage and for the benefit of the mortgagee therein, Harry B. Mendelsohn. (*Ranney* v. *Peyser,* 83 N. Y. 1; *Kroehle* v. *Ravitch,* 148 App. Div. 54; *Stewart* v. *Fairchild-Baldwin Co.,* 91 N. J. Eq. 86.) The bond required of the receiver was $15,000. Shortly after the receiver's appointment the owner of the equity, Assunta Sorice, applied for his discharge, which meant in effect that she desired, as owner, to collect the rents until her ownership terminated by a sale of the property in foreclosure. Her application was granted upon condition that she give a bond to

the mortgagee, Mendelsohn, to secure him for any judgment he might recover in the foreclosure action. The amount of the bond was to be $12,000, or less than the bond required of the receiver for the collection of rents. It is perfectly evident that the application of the owner to supplant the receiver had reference solely to the collection of rents. The receiver was appointed for this purpose, and had given his bond in $15,000. By order of the court he was supplanted, and the owner was restored to her right to collect the rents, upon giving a $12,000 bond to account therefor. She gave the bond of the National Surety Company and no doubt thereafter collected the rents although the amount thereof does not appear in this record. Her bond, furnished by the National Surety Company, recites the appointment of Otto M. Gabler as receiver in the pending foreclosure action, brought by Harry B. Mendelsohn, and continues in this fashion:

" WHEREAS, on October 5th, 1929, an order to show cause was granted in said action staying the receiver from collecting any of the rents and profits arising out of the premises mentioned in said complaint, and

" WHEREAS, upon the return day of said order, to wit, October 9th, 1929, after due deliberation was had the Court ordered that said order dated September 28th, 1929 should be vacated upon the defendant Assunta Sorice filing a surety company bond in the sum of $12,000.00 to secure any judgment which may be entered in said action,

" Now Therefore, the condition of this obligation is such that in the event that a judgment is entered against any of the defendants in said action, then this obligation is to remain in full force and effect, otherwise it is to be considered void."

The foreclosure action resulted in a deficiency judgment against the mortgagor Sorice Operating Company, Inc., and Hyman Katz and Goldie Katz on their bond to Mendelsohn, heretofore mentioned. The National Surety

Company paid Harry B. Mendelsohn the amount of this deficiency judgment and took an assignment thereof. The draft given in payment, dated July 15, 1930, says that it is in full payment of all liability of the National Surety Company upon its bond, executed in behalf of Assunta Sorice " and for an assignment of the deficiency judgment in the sum of $6,969.28  *  *  *  entered in favor of Harry B. Mendelsohn and against Antonio Sorice, et al."

The National Surety Company or its assignee, Frances Jelinek, seeking to collect the amount of this deficiency judgment under the doctrine of subrogation, commenced proceedings against Hyman and Goldie Katz, which has resulted in the bringing of this action by the latter against all parties seeking to enjoin the surety company and Jelinek from taking any further proceedings and for a direction declaring the deficiency judgment satisfied as against them.  In considering the respective rights of these parties, certain principles must be borne in mind.

In the first place, the receiver of the rents was appointed for the benefit of Mendelsohn, the plaintiff in the foreclosure action.  He was not obliged to apply for a receiver and could permit the owner of the equity to collect the rents up until a judgment in foreclosure.  The Katzes would have been liable for the deficiency.  Whatever rights as guarantors they might have had for the appointment of a receiver for their benefit in order to reduce their liability as guarantors, were not exercised by them.  They were parties to the action, but made no move.  The rents collected by the receiver would have reduced the deficiency as they would have been applied upon the mortgage debt.  In order to permit the owner to continue to collect the rents instead of the receiver, the National Surety Company gave a bond to Mendelsohn for his benefit agreeing to pay any judgment he might recover.  This was not given for the benefit of Katz and was evidently given solely to secure the rents which might be collected or could be collected by the owner instead of the receiver.

Mendelsohn having as a primary security the bond and mortgage and also the bond of Hyman and Goldie Katz, could have proceeded to collect his deficiency judgment out of this bond given by the Katzes. No law compelled him to resort to the bond of the National Surety Company in the first instance. Its obligation was secondary. The National Surety Company stepped up and paid Mendelsohn the amount of the judgment and took an assignment. It is subrogated to all his rights, including the security of the Katz bond.

This does not mean that the National Surety Company can proceed to collect the full amount of the deficiency judgment. All the parties are in equity and, therefore, must do equity. The owner collected rents which would have gone to Mendelsohn to reduce the amount of the mortgage debt. If she had not interfered with the aid of the National Surety Company the deficiency judgment would have been much less. The bond of the National Surety Company in reality was intended to secure these rents, in other words, to make good to Mendelsohn the rents which he would have collected under the receivership. The owner, Assunta Sorice, being insolvent, the National Surety Company is liable to Mendelsohn and in equity to the two Katzes for the amount of rent collected by Assunta Sorice, or the amount she should have collected in the exercise of ordinary care and prudence. This is what the receiver would have been liable for, and his liability passes on to the surety company by substitution.

Therefore, the National Surety Company has no right to collect from Hyman Katz and Goldie Katz the full amount of the deficiency judgment. From that must be deducted the amount of rents collected or which should have been collected. The record in this case is barren of any evidence on this point. Nowhere does it appear what became of the rents, but when the parties are once in equity, the decree will adjust their rights according to the facts. The plaintiff seeks a judgment restraining the

defendants from collecting the full amount of the deficiency judgment and for its satisfaction. The court must determine the amount of the rents collected or which should have been collected less necessary expenses and deduct this from the deficiency judgment, that is, the plaintiff should have a judgment which satisfies the deficiency judgment to this extent and which enjoins the surety company from collecting more. However, if no amount of rents is due from the owner or surety company, then judgment must be given for the defendants, dismissing the complaint. The judgment of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.

POUND, Ch. J., LEHMAN and O'BRIEN, JJ., concur with HUBBS, J.; CRANE, J., dissents in opinion, in which KELLOGG and CROUCH, JJ., concur.

Judgment affirmed.