In the Matter of the Liquidation of NATIONAL SURETY COMPANY.

THE ÆTNA CASUALTY AND SURETY COMPANY (Claim No. Misc. No. 78), NEW YORK CASUALTY COMPANY (Claim No. Misc. No. 79), THE METROPOLITAN CASUALTY INSURANCE COMPANY (Claim No. Misc. No. 80), COMMERCIAL CASUALTY INSURANCE COMPANY (Claim No. Misc. No. 1085), Appellants; LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of NATIONAL SURETY COMPANY, Respondent.

Order affirmed, with twenty dollars costs and disbursements. No opinion.

Present — O'Malley, Townley, Glennon, Untermyer and Cohn, JJ.; Untermyer, J., dissents in opinion.

UNTERMYER, J. (dissenting). The order should be reversed and the claims allowed upon the ground that the sureties on the general bond given to the Interborough Rapid Transit Company became subrogated to all the rights of the Interborough upon payment of its claim against D. C. Serber, Inc., and were entitled to enforce those rights against the National Surety Company under its bonds subsequently given in the mechanic's· lien action. (*Katz* v. *Mendelsohn*, 260 N. Y. 434.) It does not answer this contention to say that the claim of the Interborough was paid by the appellants, so that the mechanic's lien action could no longer have been prosecuted. Payment by a surety of the claim of a creditor does not discharge the debt but only results in subrogating the surety to the creditor's rights.

The National Surety Company, having rendered impossible the prosecution of the mechanic's lien action by consenting to a discontinuance with knowledge that the appellants were subrogated to the rights of the Interborough, may not now contend that their claims are contingent because they were not reduced to judgment previous to the order in the liquidation proceeding. (*Ocean Accident & Guarantee Corp.* v. *Hooker Electrochemical Co.*, 240 N. Y. 37; *Risley* v. *Smith*, 64 id. 576.)